## Mary Ann Bradley, Appellant, v. Citizens' Trust and Surety Company, and James Donohue, Bailiff.

*Landlord and tenant—Agreement to repair—Condition or covenant.*

An alleged promise that a tenant upon entering on a lease need pay no rent until certain repairs were made does not create a condition precedent that would defeat the landlord's right to recover rent. Such an agreement if proved only discloses a covenant the breach of which might be compensated in damages.

*Contracts—Province of court—Interpretation—Conditional promise.*

Whether a promise is on its face conditional or whether words used in connection with it subject it to a condition, is a matter of law for the court, supposing those words to be proved.

*Contracts—Conditions defeating an estate not favored.*

Conditions that absolutely defeat a right or an estate are odious, and where the language employed can be resolved into a covenant it should be so construed.

Argued Oct. 6, 1897. Appeal, No. 44, Oct. T., 1897, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June Term, 1895, No. 562, on verdict for defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Replevin. Before SULZBERGER, J.

It appears from the evidence that plaintiff rented from the defendant certain premises in Philadelphia. A lease was drawn up by the defendant company but not signed by the plaintiff. The alleged conditions of renting were that the defendant company should make certain repairs. The lease was for one year with the usual hold over clause; one month's rent was paid at the time of the leasing but no more rent was paid and it was alleged by the plaintiff that none was to be paid until the repairs should be made. Plaintiff entered into possession with the consent of the lessors. It was alleged and evidence submitted, which was contradicted, tending to show that all the repairs promised were not made although requested from time to time, and it was uncontradicted that the tenant refused to pay rent due from November 21, 1895, to January 21, 1896, $120. Defendant company made a levy for that amount and replevin was brought by the tenant.

Verdict was rendered for the defendant for the value of the goods, $600, and rent in arrear, $124.   Plaintiff appealed.

*Errors assigned* were (1) in admitting in evidence testimony concerning work done not nominated in the alleged agreement of letting between the plaintiff and defendant.   (2) In admitting in evidence bills for work done offered by the defendant, the said bills not having been proven to have been for the repairs nominated in the agreement between plaintiff and defendant.   (3) In charging the jury as follows: " That, gentlemen," (the repairs mentioned in agreement of letting), " would be in effect a covenant on the part of the landlord to do these things, and if he did not do those things he would be liable in damages for the breach of the covenant, and the tenant could also if he chose have the work done and deduct the amount of it from the rent.   Those are all the consequences that would follow, unless this was not a covenant but a strict condition in the law.   If it was a strict condition the consequences would be otherwise." (4) In charging the jury as follows : " If there were any evidence of that kind the contention of the plaintiff would be well established—I personally recollect nothing of the sort.   If you find anything in the evidence that would warrant you in saying that you recollect an undisputed agreement of that kind in the evidence so as to make a strict condition then, of course, you may find a verdict for the plaintiff; but if, on the other hand (as it seems very probable you will not find such a strict condition) you do not find that to be the case, then it is a different matter.   Have any of you ever lived in a house four years without paying more than one month's rent?   Have you ever been satisfied with the condition of repairs that your house was in?   Yet, what does your common experience and sense of right lead you to believe?   Suppose you do complain of your landlord, do you suppose that you are to live in his house for four years without paying rent ?   So far as this case goes, the jury represents the whole community as to its judgment upon this matter, and I rely upon your good judgment to do what is right in this case. . If you believe that this tenant was to live in that house forever until those repairs were made, then you may find a verdict for the plaintiff.   If you cannot say honestly that an agreement of that kind was made, I cannot see how you can

avoid giving a verdict for the defendant." (5) In refusing to charge as requested by the plaintiff in her point for charge, which was as follows : " That if the jury believe from the evidence the agreement between the plaintiff and defendant was that no rent should be paid for the premises 6,077 Vine street, until the repairs as stated by the plaintiff were made, and that said repairs were not made, the plaintiff is not liable for the rent of the premises in question, and the verdict must be for the plaintiff." (6) In his whole charge to the jury, said charge amounting to binding instructions to find for the defendant.

*William Gorman*, for appellant.—The reception of irrelevant evidence is a sufficient ground for reversal, if it might have prejudiced the excepting party on the issue involved : State v. Plant, 67 Vt. 454; Boutelle v. Ins. Co., 51 Vt. 4 ; Dent v. Pickens, 34 W. Va. 240 ; Miller v. Curtis, 158 Mass. 127.

And the evidence in the case is inadmissible, unless to prove facts which are alleged in the pleadings. Therefore the only evidence admissible here is as to whether the work nominated in the agreement was done or not : Winston v. Taylor, 28 Mo. 82.

The learned judge erred in his charge in treating the stipulation made in the agreement of letting as a covenant and not a condition precedent. The court should have instructed whether it was a covenant or a condition. Nothing is better settled than that the charge of the court should be a fair, impartial and discreet statement, both of the facts at issue and the principles of law underlying the case, and that a failure to so state the case to the jury is ground for reversal; that there was such a failure here is plainly apparent upon a mere reading of the testimony and the charge : Minick v. Gring, 1 Pa. Superior Ct. 484 ; Dosch v. Diem, 176 Pa. 603 ; Fineburg v. Railway Co., 182 Pa. 97 ; Galbraith v. Phila. Co., 2 Pa. Superior Ct. 359 ; Larzelere v. Tiel, 3 Pa. Superior Ct. 109.

The court erred in making the jury the standard of propriety as to the rights of this case : Coleman v. Allen, 79 Ga. 637.

*David J. Myers*, for appellees.—The proof of performance by the landlord of the work provided for in the clause above quoted was adequate, and the tenant did not meet it with

anything whereon could be based an allowance from the rent: Prescott v. Otterstatter, 85 Pa. 534; Allegaert v. Smart, 2 Penny. 320.

Covenants on the part of the landlord to repair . . . . are minor and subordinate, and do not go to the essence of the contract so as to defeat the rent in toto: Prescott v. Otterstatter, 85 Pa. 534.

A breach of covenant by a landlord is not a forfeiture of the right to the rent, and the damages therefor cannot be set off in replevin: Allegaert v. Smart, 2 Penny. 320.

PER CURIAM, July 29, 1898:

On March 16, 1892, the defendant company through its agent leased to plaintiff premises No. 6,077 Vine street, Philadelphia. The lease was put in writing but for some reason was never signed. It ran for one year from March 21, 1892, the rent being fixed at $240, payable in monthly instalments of $20.00 each in advance. In case of holding over it was provided that the lease should continue " upon same terms and conditions as are herein contained for a further period of one month and so on from month to month until terminated by thirty days' notice by either party." It also contained the following stipulation: " Repairs to be made to bulk windows so that they will not leak, hand rail to be constructed in staircase to second floor, terra cotta collars to be put in chimneys and necessary plumbing to be done to keep cellar dry." The plaintiff occupied the premises for more than four years, paying during all that time only the first month's rent. Finally the landlord distrained for the rent due from December 21, 1895, to June 21, 1896, and hence this action of replevin.

At the trial the plaintiff rested her case solely on the ground that the defendant at the time of the leasing agreed by parol to make certain repairs including some not mentioned in the writing, that this agreement amounted in legal effect to a common-law condition precedent to the right to demand the rent, and that the repairs not having been all made, nothing could be collected by distress or otherwise. This parol agreement was positively denied by the defendant's agent; the only evidence offered in its support was the testimony of the plaintiff's daughter, who represented her mother in making the contract.

After specifying the repairs demanded, she alleges that she said to the agent, "If you will do this I will now pay you one month's rent, but will pay no more rent until the repairs are done, and if that is satisfactory I will pay you the rent now," and that he said; "Everything should be done before any more rent was due," and I said, "Very well." The learned trial judge would have been in error had he held in response to the point put by the plaintiff's counsel that the agreement thus testified to by the daughter, even if made, constituted a condition precedent. It will be observed that the agent simply promised that the repairs should be made before the next instalment of rent fell due, and to this the daughter assented. The court might well have told the jury that accepting the daughter's statement as true, no condition was created. "Whether a promise is on its face conditional or whether words used in connection with it subject it to a condition, is a matter of law for the court, supposing those words to be proved:" 1 Wharton on Contracts, 554. "Courts are disinclined to construe the promise to do certain things within a given time in consideration of the payment of money as a condition precedent, unless compelled to do so in order to carry out the express intention of the parties:" 7 Am. & Eng. Ency. of Law (2d ed.), 120. "Conditions that absolutely defeat a right or an estate are odious, and where the language employed can be resolved into a covenant it should be so construed:" Parschall v. Passmore, 15 Pa. 295; McKnight v. Kreutz, 51 Pa. 232. Looking at the language used in the present case, and all the extrinsic undisputed facts which may also be considered (1 Wharton on Contracts, 553), it is impossible to suppose that the agent intended to make such a contract as the plaintiff sets up to escape the payment of rent. As it was the court left the question to the jury, telling them to render a verdict for the plaintiff if they found the execution of the contract, and of this the plaintiff at least should not complain. The jury evidently concluded that only an agreement, the breach whereof might be compensated in damages or by deductions from the rent had been shown. The defendant's evidence was to the effect that all the repairs stipulated for in the writing had been made, and the plaintiff offered no evidence as to the pecuniary damages, but chose to defend on the alleged technical condition and its

nonperformance. This defense failing, the verdict was therefore for the defendant for the full amount of the rent claimed.

As no legal defense was made out by the plaintiff's evidence and the court would have been warranted in directing a verdict for the defendant, it is hardly necessary to consider the alleged errors as to the admission in evidence of the bills for repairs made on the premises, and the written admissions of the plaintiff and her daughter relating to the same matters. The bills and writings were all offered at the same time. The only objection made when they were so offered was the following by the plaintiff's counsel: "I object to the bills because they have not anything at all to do with the case." It will be seen that no objection was made on the ground that the bills had not been sufficiently proved, nor was it suggested that the work charged therein had not been done. The two written admissions were not objected to at all. These admissions and all of the bills save one, which was for $2.00 for "repairing roof," related to plumbing done on the premises, and the evidence was properly introduced as tending to show compliance by the defendant with the unsigned written lease. As to the trifling $2.00 item, it probably referred to something done on the roof of the bulk windows. At any rate, its admission under the circumstances was harmless error. There is nothing in the record to warrant a reversal, the specifications of error are therefore overruled and the judgment affirmed.

NOTE. The foregoing opinion was prepared by our lamented Brother WICKHAM, and is now adopted as the opinion of the court.