## Mahon v. Hoder et al.

*Equity—Specific performance of contract for sale of real estate—Provision in deed from father to son not to sell land out of the family — Distinction between condition and covenant—Restraint upon alienation—Marketable title.*

1. A deed for land from father to son granting an estate in fee, upon an agreement contained in a contemporaneous written contract, referred to in the deed, that the son shall not sell the deeded property to strangers or persons out of the family, in furtherance of which the parties bind themselves, their heirs, executors, administrators or assigns, in the penal sum of $5000, conveys a fee simple and not a conditional estate.

2. The provision against a sale of the land out of the family is a covenant and not a condition subsequent.

3. If such provision were construed as a condition subsequent, it would be void, because in restrain of alienation and inconsistent with a reasonable enjoyment of the fee granted.

Bill in equity for specific performance of contract to sell real estate.  C. P. Wyoming Co., Book No. 4, page 315.

*E. B. Farr*, for plaintiff; *Kaufman, Mattes & Levy*, for defendants.

TERRY, P. J., Jan. 12, 1926.—The court, from the pleadings, finds the following

### Facts.

1. That the real estate in question is situate in Overfield Township, Wyoming County, Pennsylvania, and was formerly the land of Alfred Mahon.

2. That on June 7, 1882, said Alfred Mahon and Perlinda, his wife, the parents of the plaintiff, by deed duly executed and recorded, conveyed to the latter by apt fee simple words a part of the grantor's said land—a farm— embracing the lots in controversy, "in consideration of the sum of one dollar, love and affection, and for their maintenance and for the payment of certain legacies to heirs as provided in contract of this date."

3. That the contract mentioned in the preceding paragraph was under seal and was executed, acknowledged and recorded contemporaneously with the said deed to the plaintiff, and set forth that the aforesaid Alfred Mahon had that day deeded his farm in [separate parts] to [his sons] F. W. Mahon and the plaintiff for the consideration that "the said F. W. Mahon and Owen G. Mahon agree to keep, maintain and support the said Alfred Mahon and Perlinda during their natural lifetime with food and clothing and everything necessary for a good and comfortable support.  And also, after the decease of the said Alfred Mahon and Perlinda, to pay to Malvina A. Sherwood" and others named certain amounts of money specified.  The said contract, after providing that Lydia A. Mahon should have a home and comfortable support as long as she remained single, continued as follows: "It is further agreed that the said F. W. Mahon and Owen G. Mahon are not to sell the said deeded property [to] strangers or person or persons out of the said Mahon family, it

being the homestead farm and to remain in the family, and in furtherance of carrying out the entirety of the conditions of the above mentioned contract in all its parts the said parties do hereby bind themselves, their heirs, executors and administrators or assigns each unto the Commonwealth in the penal sum of five thousand dollars firmly by these presents."

4. It is admitted that the payments and support stipulated in said contract were made and furnished, and the case is free from question in such respects; and it is also admitted that the said Alfred and Perlinda Mahon have been dead many years and that Lydia A. Mahon married.

5. On July 20, 1925, the plaintiff and the defendants entered into a written contract, whereby he for $3200 agreed to sell, and the defendants to purchase, several designated lots of land, part of the real estate conveyed to the plaintiff by his father, the said Alfred Mahon, mentioned in the preceding paragraphs 1 and 2.

6. That, in pursuance of said contract with the defendants, the plaintiff and his wife executed a deed of general warranty to the defendants for the said lots of land agreed by them to be purchased of the plaintiff, and it was duly tendered to them.

7. That the defendants refused to accept such deed and to pay for the lots as they had contracted to do, alleging that the aforesaid contract made by the plaintiff with his father and incorporated, by reference, into the deed from the latter to the former operated to make the estate granted by that deed a conditional one and the title not marketable. Thereupon the plaintiff instituted this proceeding.

### Conclusion of law.

We conclude as matter of law that the clause in the contract between the plaintiff and his father against alienation did not make the estate granted the former in his deed from the latter a conditional one, and that the plaintiff's title to the land in controversy is marketable, entitling him to the decree for specific performance for which he prays.

### Discussion.

In our opinion, the provision against alienation in the contract between the plaintiff and his father (assuming it to be, by the reference to the contract in the contemporaneous deed, incorporated in that conveyance, although such provision was not specifically mentioned therein) did not create an estate upon condition. The other provisions for support, etc., having been complied with and determined, the sole contention in the case is over the effect of this one concerning the sale of the land.

While technical words are not indispensable in the creation of a condition, it is to be observed that here there is no clause of forfeiture nor any other disposition of the estate, but in lieu thereof damages as for a broken covenant are provided by prescribing a penalty of $5000.

The same words may be employed to create a covenant as to create a condition, and if there is any doubt regarding the intention of the grantor or devisor, courts will incline towards the former construction, for conditions which tend to destroy estates are not favored and are strictly construed: 6 Am. & Eng. Ency. of Law (2nd ed.), 502. And where the language of an agreement can be resolved into a covenant, the judicial inclination is to so construe it: Williams *v.* Notopolos, 259 Pa. 469. In Paschall *v.* Passmore, 15 Pa. 295, also, there was applied the maxim which declares conditions to defeat an estate odious and that they are to be taken most strictly. See, also, McKnight *v.* Kreutz, 51 Pa. 232; Bradley *v.* Trust Co., 7 Pa. Superior Ct. 419.

The chief point of distinction between a condition subsequent and a covenant is that a breach of the former subjects the estate to forfeiture; a breach of the latter is ground for damages: 6 Am. & Eng.. Ency. of Law (2nd ed.), 503.

These considerations lead us to conclude that the clause under consideration against alienation constituted a covenant and not a condition.

If, however, such clause could be construed as a condition subsequent, limiting the estate granted the plaintiff, or rather as an attempt so to do, it would have to be held void because inconsistent with the reasonable enjoyment of the fee which otherwise the plaintiff now has by virtue of his said deed.

It is true there are some authorities holding that, while a general restraint upon alienation of a fee is void, a partial restraint, as that the devisee or grantee shall not alien to a particular person or during a particular time, will be upheld. Here, however, almost the reverse of the first instance is presented. A ban is put upon alienation to all except a very limited number of persons, not named, virtually destroying alienability if enforced.

It is stated in 24 Am. & Eng. Ency. of Law (2nd ed.), 868, that by the weight of authority provisions forbidding alienation except to particular persons or classes of persons are invalid.

It was held in McCullough's Heirs *v.* Gilmore, 11 Pa. 370, that a testamentary provision that a certain farm "fall into the possession of my brother William, laying this injunction and prohibition not to leave the same to any but the legitimate heirs of his father's family at his decease," was void, because inconsistent with a reasonable enjoyment of the fee and also for uncertainty.

In Sparr *v.* Kidder, 265 Pa. 61, it was held that a testatrix's direction that land devised absolutely in the first instance should be kept in the name of the family of testatrix forever was void, whether considered as an attempt to create an estate tail enlarged by statute to a fee simple or as a perpetual restraint upon alienation.

In Manierre *v.* Welling, 78 Atl. Repr. (R. I.) 507, a condition in a devise to children that if any of them should alienate the devised land other than to some descendant of testatrix (except for life to the wife or husband of some descendant while such descendant might be living) and without the consent of all the descendants who should then be of full age and competent to convey and devise real property, the interest of such devisee should cease and the estate should vest in the other descendants, was held repugnant to the devise of an estate in fee simple and void. In that case there is a thorough discussion of the question of a limited restraint upon alienation, and the authority is approvingly cited in Pattin *v.* Scott, 270 Pa. 49, where a devise with a proviso that the devisee should not sell the land devised for twenty-five years after the decease of the testatrix was held void. Expressions in earlier Pennsylvania cases apparently recognizing the validity of such partial restraints upon alienation are, in the case last cited, said to be *dicta;* and of the proviso there considered it was stated to be "as much an attempt to withhold an inseparable quality as to deny it entirely—the only difference is in degree, not in character."

We are required to hold on the foregoing authorities that the provision against alienation in the contract between Alfred Mahon and the plaintiff, by reference assumed to be incorporated in the deed to the latter, did not constitute a condition subsequent, but was only a covenant; and even if it were to be construed a condition, it would be void and ineffective to destroy the marketability of the plaintiff's title, because in restraint of alienation and

Mahon v. Hoder et al.

repugnant to a reasonable enjoyment of the estate granted the plaintiff in his deed.

The farm property in question borders on Lake Winola, a summer resort in this county, and the plaintiff has long been selling lots from the land conveyed to him by his father—without question of his title hitherto, we are informed.

In accordance with the views herein expressed, we decide that the plaintiff is entitled, as prayed for, to a decree for the specific performance of his contract with the defendants.

Decree entered for specific performance of the contract.

From Joseph F. Ogden, Tunkhannock, Pa.