## Rea *v.* Bell, Appellant.

*Will—Power—Restraint on alienation—Fee-simple.*

Real estate was devised to a son in fee-simple, "with full power at any time during his life to . . . . convey the same in fee-simple " to another son; " and in case of his failure " so to convey, " then after his death," over: *Held* that, the first devisee took an estate in fee-simple, not cut down by the provisions following.

Argued Nov. 9, 1891.   Appeal No. 317, Oct. T., 1891, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1891, No. 5, for plaintiff on case stated.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

On September 4, 1891, a case stated was filed wherein John Rea was plaintiff and James R. Bell defendant, setting forth as follows:

"Henry Rea, Sr., being the owner of the lots and houses hereinafter mentioned, died on the 29th day of Jan., 1886, having previously made his will, which after his death was duly probated and registered, by which will, (a copy of which, marked exhibit A, is hereby attached and made part of this case,) amongst other things, he provided as follows, viz.:

"' Fourth. To my son, John Rea, I give and devise all those four certain houses and lots situated in the city of Pittsburgh, county of Allegheny, and state of Pennsylvania, on Crawford street, between Centre and Wylie Avenues, and known and

designated as numbers ninety-two, ninety-four, ninety-six and ninety-eight Crawford street; said four lots having a total front on Crawford street of forty-eight feet, and extending back to a four-foot alley. To have and to hold the same to him and his heirs forever, with full power at any time during his life, to grant, bargain, sell and convey the same, in fee-simple to my son, Henry Rea, Jr., his heirs and assigns forever; and in case of his failure to so sell and convey during his life, then after his death, I give and devise said four houses and lots to the lawful issue of my said son, John Rea,—that is, male issue first, and in default of male issue, then female issue, living at the time of the death of my said son, John Rea; and in case my said son, John Rea, should die without having exercised the above power of sale, and without lawful issue, either male or female, living at the time of his death, then, I give and devise said four houses and lots to my son Henry Rea, Jr., his heirs and assigns forever'. . . .

" 'Seventh. It is my will, and I do hereby ordain and direct that my son, Henry Rea, Jr., for five years after my decease, or longer as his health may permit, shall act as agent for my wife Isabella and my son John in the management and control of the propery which I have by this, my last will and testament, devised to them, and shall collect all rents and pay all taxes and repairs thereout, and shall keep said property in good repair and insured, for which said services as agent he shall be allowed a reasonable compensation. He shall also render statements and settlements of his management of said property on the fifth days of January, April, July and October of each and every year during the time he has control of said property.'

" On the seventh day of February, 1889, the plaintiff, the said John Rea, by agreement in writing, a copy of which marked exhibit B is hereby attached and made part of this case, bargained and sold the said four houses and lots to the defendant, James R. Bell, and agreed to convey the same in fee-simple, for the consideration of the sum of ten thousand dollars, payable on the delivery of the deed, and subject to examination of title by the said defendant.

" The said plaintiff made, executed and tendered a deed in fee-simple for the said property to the defendant, and demanded the purchase money therefor, as provided in the said article of

agreement; but the defendant refused to accept said deed, or pay the said money, on the ground that the said John Rea, plaintiff, was not the owner of the fee in said four houses and lots under the terms of the devise in the said will of Henry Rea, Sr.

"If the court be of the opinion that John Rea, the plaintiff, took an estate in fee-simple under the will of his father Henry Rea, Sr., then judgment to be entered for the plaintiff for the sum of ten thousand dollars, with interest from March 1, 1889; but, if not, then judgment to be entered for defendant. The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein."

MAGEE, J., filed an opinion in part as follows :

"The devise is to John Rhea 'to have and to hold to him and his heirs forever,' with full power to convey in fee-simple to Henry Rhea, Jr.; thus twice expressing in unmistakable terms the intent of the testator to devise to John a fee-simple estate. Can it be said that the power to convey a fee-simple to Henry, under the circumstances, clearly indicates an intent to qualify a fee? It does not seem so to me. In the grant he is forbidden nothing; and it would be, I think, a forced construction to hold that this mention of Henry's name in connection with the devise, was anything more in effect than to indicate in making a sale, that his son Henry should be preferred. If a sale should be made, and there is no question that a fee could be conveyed to Henry, where is there indicated any restraint put upon the use of the proceeds of the sale? And that certainly ought to appear, if it was intended by the will that John was to take merely a life-estate in the lands thus sold.

"If it be true that there is nothing in the words mentioned to qualify the devise of a fee-simple estate, then the subsequent portion of the fourth item cannot now operate as a qualification. If John had the power to sell to any one, as I have indicated, then there has been no failure to sell by John, or, his death without issue living the only contingencies upon which John's issue, or Henry and his heirs, can by any possibility take under the terms of this will, the portion devised to John. John has made a sale to James R. Bell of an estate in fee-simple, and we think he has the power so to do under the terms of his father's will."

1892.]                    Opinion of Court below—Syllabus.

—Judgment for plaintiff for $10,000, with interest from March 1, 1889 ; defendant appealed.

*Error assigned* was the order entering judgment.

*Jas. T. Buchanan,* with him *C. C. Dickey,* for the appellant, cited : Neave v. Jenkins, 2 Y. 414 ; Coates St., 2 Ash. 12 ; Langley v. Heald, 7 W. & S. 96 ; Eby v. Eby, 5 Pa. 461 ; Jessup v. Smuck, 16 Pa. 327 ; Nicholson v. Bettle, 57 Pa. 384 ; Berg v. Anderson, 72 Pa. 87 ; Hill v. Hill, 74 Pa. 173 ; McGunnigle v. McKee, 77 Pa. 81 ; Barnet v. Deturk, 43 Pa. 92 ; Leightner v. Leightner, 87 Pa. 145 ; Shalters v. Ladd, 141 Pa. 349.

*D. D. Bruce,* with him *J. M. Shields,* for the appellee, cited : 1 Kent. Com. 131 ; McCullough v. Gillmore, 11 Pa. 372 ; McWilliams v. Nisly, 2 S. & R. 513 ; McIntyre v. McIntyre, 123 Pa. 329 ; Pepper's Ap., 120 Pa. 235 ; Jauretche v. Proctor, 48 Pa. 472 ; Doebler's Ap., 64 Pa. 17 ; Shalters v. Ladd, 141 Pa. 356.

PER CURIAM, January 4, 1892.

We are of the opinion that John Rea, the plaintiff, took an estate in fee-simple to the real estate in controversy, under the will of his father, Henry Rea, Sr. The devise is to John Rea, "his heirs and assigns, forever." The fee thus given is not cut down by what immediately follows. The greatest effect that can be given to the subsequent language of the will, is that it is in restraint of alienation, and, under all the authorities, void.

Judgment affirmed.                                        C.