# Vilsack's Estate.

*Wills—Remainder—Children—Heirs—Rule in Shelley's Case.*

Testator by his will gave all of his estate to his wife during her natural life and at her death " I give the proceeds or interest thereon to my sons (naming them), and my daughters (naming them), during their natural lives, share and share alike, and after the death of either of the above named sons or daughters, I give and bequeath to their child or children (should they leave any children at their death) the share held by my sons or daughters at the time of his or her death, but should neither of my sons or daughters leave no heirs, then their share is to be divided between

all of my grandchildren, share and share alike." *Held*, that the word "children" meant issue or heirs of the body and that testator's children took an estate in fee tail which was enlarged by the act into a fee simple.

Argued Nov. 5, 1903. Appeal, No. 147, Oct. T., 1903, by William Kraus, from decree of O. C. Allegheny Co. Sept. T., 1902, No. 4, dismissing petition for partition. Before MITCH-ELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ., Affirmed.

Petition for partition of real estate.

OVER, J., filed the following opinion :

This is a petition filed by the children of Elizabeth Kraus, a deceased daughter of George Vilsack, deceased, praying for a partition of the real estate devised by him as follows :

" I give and bequeath to my beloved wife, Katherine, all my real and personal estate during her natural life, and at her death, I give the proceeds or interest thereon to my sons, George and Siebol, and my daughters, Elizabeth and Catherine, during their natural lives, share and share alike, and after the death of either of the above named sons or daughters I give and bequeath to their child or children (should they leave any children at their death) the share held by my sons and daughters at the time of his or her death, but should neither of my sons or daughters leave no heirs, then their share is to be divided between all of my grandchildren share and share alike."

The widow died October 21, 1886, and. Elizabeth Kraus, testator's daughter, October 20, 1897. All of the other sons and daughters of the testator are still living. The question raised by the petition and answer is whether the children of testator take an estate in fee. After the death of his wife he gave his estate to his sons and daughters during their natural lives, and after their death to their children, should they leave any. Had he stopped here, there could be no question that the word " children " was used in its ordinary sense as a word of purchase, and that his sons and daughters only took a life estate ; but if any of them left no children, there would be intestacy as to this share. This, however, does not seem to have been his intention, as he next provided that if any of his sons or daughters left no heirs, their share was to be divided share and share alike between all of his grandchildren. If the word " heirs "

here means children alone, and a son or daughter died, leaving no children, but grandchildren, such grandchildren, being the great-grandchildren of the testator, would be disinherited, as grandchildren do not take under a devise to children : Gable's App., 40 Pa. 231. In doubtful cases such a construction should be adopted as would distribute the estate as nearly as possible according to the intestate laws, the word "heirs" we think therefore should not be construed as synonymous with "children." That it was not used in its general sense is evident from the fact that the limitation over is to testator's grandchildren, who would be the collateral heirs of a deceased grandchild not leaving lineal heirs. It seems then that the testator intended here to limit the estate given to his children to their lineal heirs, or issue, which shows also his intention to use the word "children" in its comprehensive and extended sense, meaning issue or heirs of the body. If this construction be correct the gift then is to his children for life with remainder to the heirs of their bodies or their issue, which vested in the children a fee tail, enlarged by the act of assembly into a fee simple. Another reason for so construing this will, is, if the limitation is to grandchildren as such, and none of his sons or daughters left children there would be intestacy, which is to be avoided if possible. This construction is supported by the following cases : Haldeman v. Haldeman, 40 Pa. 29, where the words "child or children" were held to be used in the sense of issue of heirs of the body ; Brinton v. Martin, 197 Pa. 615 ; Potts v. Kline, 174 Pa. 513 ; Yarnall's App., 70 Pa. 335 ; Sheeley v. Niedhammer, 182 Pa. 163.

Although the gift to the testator's sons and daughters is the proceeds or interest of his estate, yet as his intention seems to have been to give the proceeds or interest to them forever, it is equivalent to a devise of the fee : Haldeman v. Haldeman, supra ; Saxton v. Mitchell, 78 Pa. 479.

As the testator's sons and daughters took the fee under his will and have made an amicable partition of the land devised to them, this petition must be dismissed.

*Error assigned* was the decree dismissing the petition.

*C. W. Reamer*, with him *D. M. Miller*, for appellant.—The

authorities are uniform that " children " is as certainly a word of purchase as " heirs " or " heirs of the body " or " issue " are words of limitation : Guthrie's App., 37 Pa. 9 ; Oyster v. Oyster, 100 Pa. 538; Wall v. Maguire, 24 Pa. 248; Curtis v. Longstreth, 44 Pa. 297 ; Sheets's Estate, 52 Pa. 257 ; Mannerback's Estate, 133 Pa. 342.

*J. L. Ritchey,* with him *D. S. McCann,* for appellee.—The word " children " has been in repeated cases held a word of limitation—equivalent to " heirs :" · Haldeman v. Halderman, 40 Pa. 29 ; Saxton v. Mitchell, 78 Pa. 479 ; 3 Jarman on Wills, page 34 ; Hance v. West, 32 N. J. L. 233 ; Criswell's App., 41 Pa. 288; Pifer v. Locke, 205 Pa. 616 ; Simpson v. Reed, 205 Pa. 53 ; Brinton v. Martin, 197 Pa. 615; Potts v. Kline, 174 Pa. 513; Yarnall's App., 70 Pa. 335; Sheeley v. Neidhammer, 182 Pa. 163; Shoemaker v. Huffnagle, 4 W. & S. 437; Potts's App., 30 Pa. 168.

PER CURIAM, January 4, 1904 :

The decree is affirmed on the opinion of the court below.