# Horton, Appellant, v. McCall.

*Wills—Construction—Estates—"Heirs"—Indefinite failure of issue—
Acts of July 9, 1897, P. L. 213, and April 27, 1855, P. L. 368.*

1. Where testator, dying in 1883, by his will provides that .a "farm
is to be and remain the property of my son W., and his heirs, . . . .
and if W. has no heir, then said farm falls to F., or next nearest of
kin," the son takes an estate in fee simple.

2. In such a case the expression "if W. has no heir," is equivalent
to saying "if W. shall die without issue," and under the settled rules
of construction as they existed prior to the Act of July 9, 1897, P. L.
213, they must be held to import a general and indefinite failure of
issue, and the first taker will take an estate in fee simple.

3. If the devise be regarded as being one to W. in fee, and in case
of his death over to another in fee, the estate of W. must be regarded
as a fee tail, which by force of the Act of April 27, 1855, P. L. 368,
becomes a fee simple.

Argued Oct. 9, 1911. Appeal, No. 204, Oct. T., 1911,
by plaintiff, from judgment of C. P. Indiana Co., June T.,
1910, No. 79, on verdict for defendant in case of Frank
H. Horton v. W. H. McCall. Before FELL, C. J., BROWN,
MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.
Affirmed.

Ejectment for lands in Banks township. Before TEL-
FORD, P. J.

The facts are stated in the opinion of the Supreme
Court.

*Error assigned* among others was (1) in directing ver-
dict for the defendant.

*John A. Scott*, with him *D. B. Taylor* and *Cunningham
& Fisher*, for appellant.—The word "then" and the phrase
"falls to Frank Horton," are restrictive indications, show-
ing that the testator had in mind a fixed time when Wil-
liam should have no child or issue, namely, at the death
of William, and not at some unknown and indefinite period

of time beyond his death: Bedford's App., 40 Pa. 18; Miller's Est., 145 Pa. 561; Taylor v. Taylor, 63 Pa. 481; Stoner v. Wunderlich, 198 Pa. 158.

*John H. Pierce,* with him *E. Walker Smith,* for appellee. —If a devise be made to one in fee, and if he die without issue, or a failure of issue, or for want of issue, or without leaving issue, then over to another in fee, the estate of the first taker is a fee tail: Eichelberger v. Barnitz, 9 Watts, 447; Palethorp v. Palethorp, 194 Pa. 408; Cochran v. Cochran, 127 Pa. 486; Stouch v. Zeigler, 196 Pa. 489; Corrin v. Elliott, 23 Pa. Superior Ct. 449.

The words, "shall die without issue" must be construed to mean an indefinite failure of issue, and hence that the legatee took an absolute estate in fee: Hoff's Est., 147 Pa. 636; Grimes v. Shirk, 169 Pa. 74; Stouch v. Zeigler, 196 Pa. 489; Potts v. Kline, 174 Pa. 513.

If the word "heir" as used in the will in this case should be construed to mean child, children, son or male issue, it would still mean an indefinite failure of issue, and the title would be a fee tail in Wm. McCullough, converted into a fee simple by the Act of April 27, 1855, P. L. 368: Braden v. Cannon, 24 Pa. 168; Potts v. Kline, 174 Pa. 513.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

From the record in this case it appears that plaintiff claims an estate in fee in the land in question, under the will of his grandfather, John McCullough. The latter died February 7, 1883, leaving to survive him his wife, a son William, and a daughter Alice Horton. In his will, after giving to his wife the use and control of the farm during her natural life, he continued, "and at the death of my wife, Cordelia McCullough, the farm is to be and remain the property of my son, William, and his heirs, by complying with this will. That is, my son William shall pay to his sister Alice, intermarried to John T. Horton, the sum of $500 within ten years after the death

of his mother . . . . and if William McCullough has no heir, then said farm falls to Frank Horton or next nearest of kin." At the time of his father's death William was seventeen years of age, and unmarried. He afterwards married and had three children, but at the date of his death in 1909, had no child living. Cordelia McCullough, widow of the testator, died in 1906. The son William complied with the requirement of his father's will, and paid to his sister Alice Horton, the sum of $500, and thus became entitled to the benefit of the direction in the will, that "the farm is to be and remain the property of my son William and his heirs." A later clause in the will, which provides that "if William McCullough has no heir, then said farm falls to Frank Horton or next nearest of kin," gives rise to the controversy in this case. The appellant contends that William McCullough took a determinable fee, limited to him and his heirs until the happening of his death, without a child or issue. The defendant maintains that William McCullough took an estate in fee simple, or an estate tail, which by reason of the Act of April 27, 1855, P. L. 368, is converted into a fee simple. If it be considered that the word "heir" was used by the testator in the ordinary sense, there was no lack of a person upon whom the law would cast the estate. It seems to be conceded, however, that the word "heir" as here used, meant heir of the body, or issue. William McCullough did have issue, although none were living at the time of his death. That the words "if none," as applied to a failure of issue, mean an indefinite failure of issue, is well settled: Armstrong v. Michener, 160 Pa. 21.

In his opinion, the trial judge says that he finds nothing in the will to indicate that testator had in mind a definite, rather than indefinite, failure of issue; and he concludes that the expression "If William McCullough has no heir" was equivalent to saying "If William McCullough shall die without issue." We see no reason to differ with this conclusion. If the two phrases are to be re-

garded as equivalents, then under the settled rules of construction, as they existed prior to the Act of July 9, 1897, P. L. 213, they must be held to import a general and indefinite failure of issue, and the first taker will take an estate in fee simple.  See Smith v. Piper, 231 Pa. 378.  So, too, if the devise be regarded as being one to William McCullough in fee, and in case of his death, over to another in fee, then under the authorities, the estate of William McCullough must be regarded as a fee tail, which by force of the act of 1855, became a fee simple: Stouch v. Zeigler, 196 Pa. 489, and numerous cases there cited.

Our view is in accord with the conclusion reached by the court below; and the judgment is affirmed.