## Kyner *v.* Hockersmith, Appellant.

*Wills—Estate tail—Estate in fee simple—Rule in Shelley's case —Act of April 27, 1855, P. L. 368.*

A devise, by will executed in 1884, to a daughter, of real estate to be held and enjoyed by her during her natural life, "and at her death by the issue of her body, if such there be, forever," and if she should die without issue, then over, gives to the daughter an estate tail, which under the Act of April 27, 1855, P. L. 368, is converted into an estate in fee simple.

Argued March 5, 1912. Appeal No. 91, Jan. T., 1912, by defendants from judgment of C. P. Franklin Co., Feb. T., 1912, No. 31, for plaintiff on case stated in suit of Clara J. Kyner v. S. B. Hockersmith et al. Before Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before Gillan, P. J.

The court entered judgment for plaintiff in the sum of $11,876.54.

*Error assigned* was the judgment of the court.

*Q. T. Mickey,* for appellants.—If there be enough apparent on the face of the will to reflect an intention to use the word "issue" in a less comprehensive sense than

heirs or heirs of the body, then the court may declare it equivalent to children or other words of purchase: Robins v. Quinlivin, 79 Pa. 333; Curtis v. Longstreth, 44 Pa. 297; Woelpper's App., 126 Pa. 562; Nes v. Ramsay, 155 Pa. 628; Leightner v. Leightner, 87 Pa. 144; Hill v. Giles, 201 Pa. 215; Powell v. Board of Domestic Missions, 49 Pa. 46; Nicholson v. Bettle, 57 Pa. 384; Dodson v. Ball, 60 Pa. 492; Hill v. Hill, 74 Pa. 173; Middleswarth v. Blackmore, 74 Pa. 414.

*S. B. Sadler,* with him *Sharp & Elder,* for appellee.— The word "issue" is primarily a word of limitation, and while the context may show that it is used as a word of purchase, it will not be so construed unless other language of the will requires it to carry out the manifest intention of the testator: Arnold v. Muhlenberg College, 227 Pa. 321; Grimes v. Shirk, 169 Pa. 74; Sheeley v. Neidhammer, 182 Pa. 163; Yarnall's App., 70 Pa. 335; Williams's App., 83 Pa. 377; Wistar v. Scott, 105 Pa. 200; Graham v. Abbott, 208 Pa. 68; Kleppner v. Laverty, 70 Pa. 70; Hileman v. Bouslaugh, 13 Pa. 344; Huber's App., 80 Pa. 348; Carroll v. Burns, 108 Pa. 386; Steacy v. Rice, 27 Pa. 75; Eichelberger v. Barnitz, 9 Watts 447; Cocklin's App., 111 Pa. 26; Corrin v. Elliott, 23 Pa. Super. Ct. 449; Armstrong v. Michener, 160 Pa. 21; Gast v. Baer, 62 Pa. 35; Ray v. Alexander, 146 Pa. 242; McCullough v. Coal Co., 210 Pa. 222; Wilson v. Heilman, 219 Pa. 237; Hastings v. Engle, 217 Pa. 419; Beilstein v. Beilstein, 194 Pa. 152.

OPINION BY MR. JUSTICE MOSCHZISKER, March 18, 1912:

This was a case stated in which the following facts were agreed upon: That James A. Beattie died seized of the farm in question, leaving a will by which he provided, inter alia, as follows: "I give and bequeath to my daughter Clara Jane Beattie the farm belonging to my estate, situated in Southampton township, Franklin

county, Penna., containing 120 acres, more or less, to be held and enjoyed by her after the death of my wife during her natural life, and at her death by the issue of her body, if such there be, forever. In the event of the death of my said daughter without issue, I direct in that event that the said farm given to my said daughter during her natural life be at her death equally divided between my brothers, Robert, William, John, and Henry, or their legal heirs then living, share and share alike;" that Rebecca Beattie, wife of James A. Beattie, died prior to the decease of the testator; that Clara Jane Beattie became intermarried with John Kyner, and that she survived her father and is the plaintiff in the present action; that the farm was sold by the plaintiff to S. B. Hockersmith, the defendant, and she has duly tendered to him a deed in fee-simple for the property; that the defendant has refused to accept the conveyance from the plaintiff or to pay the purchase money, because advised that under the terms of the will of James A. Beattie, she can legally convey but a life interest and cannot transfer the fee. It was stipulated by the parties that, "if the Court be of the opinion that the said Clara Jane Kyner can convey a title in fee-simple to the said land, then judgment to be entered for the plaintiff in the sum of eleven thousand eight hundred and seventy-six dollars and fifty-four ($11,876.54) cents; but if not, then judgment to be entered for the defendant; the costs to follow the judgment; and either party reserving the right to sue out a writ of appeal therein to the Supreme Court. The judgment was entered for the plaintiff and the defendant has appealed.

The opinion filed by the learned court below states, "This will having been executed in 1884, we are not at liberty in construing it to apply the Act of July 9, 1897, P. L. 213. We are of opinion that the words, 'at her death by the issue of her body,' must be taken to mean an indefinite failure of issue, and that the word issue as used in this will is equivalent to heirs of the body and

is a word of limitation and not a word of purchase; that under the will of James A. Beattie, as to the land in dispute, there vested in the plaintiff an estate tail, which, under the Act of April 27, 1855, sec. 1, P. L. 368, was converted into an estate in fee-simple;" citing Grimes v. Shirk, 169 Pa. 74; Arnold v. Muhlenberg College, 227 Pa. 321; Walker v. Vincent, 19 Pa. 369; Kleppner v. Laverty, 70 Pa. 70.

None of the cases called to our attention by the appellant controls. Here the remainder was to pass from the first taker to her lineal descendants, and there is nothing in the will which indicates that the word "issue" was used in the sense which the law usually gives to the word "children," or that this remainder was to be effective only if such issue were living at the time of the death of the first taker; in other words, the will does not show that the testator intended the issue to take as purchasers from him or that he contemplated a definite rather than an indefinite failure of issue. The applicable rules of construction were recently discussed by our brother Potter in Smith v. Piper, 231 Pa. 378, 381, and are sufficiently covered in the authorities cited by the learned court below. It is only necessary to say that we agree with the construction placed upon the will and conclude that this case was properly determined.

The assignments of error are overruled and the judgment is affirmed.