## Gilland, et al., *v.* Hallett, Appellant.

*Wills—Construction—"Children"—Rule in Shelley's case—Estate tail—Act of April 27, 1855, P. L. 368.*

Testator by will provided as follows: "The resadue of my Estate I wil and bequeath to my Daughter Martha Maria now married to Dr. John C. Gillin during her lifetime and at her Dath for the benefit of her children if their should be any living and in case their should be no children of hers or aney Heirs from any of her children then I wish that the said Dr. John C. Gillin is to devide the one half of the residue of my Estate between my Brothers and Sisters or thier Heirs." *Held,* the estate conveyed to Martha Maria Gilland, under the will, was an estate tail, which was converted into a fee by the statute.

Argued March 11, 1913. Appeal, No. 59, Jan. T., 1913, by defendant, from judgment of C. P. Franklin Co., Dec. T., 1912, No. 145, in favor of plaintiffs on case stated in case of Martha M. Gilland and John Gilland v. W. S. Hallett. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Amicable action in assumpsit and case stated. Before GILLAN, P. J.

The parties agreed upon a case stated as follows:

The following facts and case stated are agreed upon for the opinion of the court in the nature of a special verdict, to-wit:

(1) Martha M. Gilland and John C. Gilland, husband of the said Martha M. Gilland, the above named plaintiffs, entered into an agreement in writing with the above named defendant, W. S. Hallett, on the 7th day of September, 1912, for the sale of a farm situate in Guilford Township, Franklin County, Pennsylvania, near New Franklin, containing one hundred and ninety-four (194) acres of land, adjoining lands of J. W. Dansberger, John Y. Miller, William Lowry, et al., for the sum of seventeen thousand four hundred and sixty ($17,-460.00) dollars.

(2) That the said Martha M. Gilland and John C. Gilland have tendered to the said W. S. Hallett a deed in fee simple for the said farm in which Thomas H. Gilland, Anna J. Gilland, Mary B. Homer (and her husband J. W. Homer), they being the children of the said John C. Gilland and Martha M. Gilland, all of whom are of full age, have joined, which said deed the defendant has refused to accept and has refused to pay the purchase money in accordance with the terms of his agreement, alleging that the said Martha M. Gilland cannot convey to him the fee in the said farm but that she has but a life estate therein; and alleging further that the joinder of Thomas H. Gilland, Anna J. Gilland, Mary B. Homer (and J. W. Homer her husband) does not perfect the title.

(3) Martha M. Gilland is the devisee of Henry Snyder, under his will dated the 14th day of November, 1885, duly probated before the register of wills of the County of Franklin on the 7th day of January, 1886, and of record in Will Book Vol. K, page 285, a copy whereof is hereto attached and made part of this case stated. The clause under which she holds title is as follows: "The resadue of my Estate I wil and bequeath to my Daughter Martha Maria now married to Dr. John C. Gillin during her lifetime and at her death for the benefit of her children if their should be any living and in case their should be no children of hers or any Heirs from any of

her children then I wish that the said Dr. John C. Gillin is to devide the one half of the residue of my Estate between my Brothers and Sisters or thier Heirs to wit John Snider Catharine Reid Elisabeth Zumbroes Heirs & Rebaca Zumbroes Heirs and my Brother Jacobs Heirs, Hanah Bitner and Anny Barbara Grove Share & Share a like & the other half to my suninlaw Dr. John C. Gillin and if further bequath my Goald watch to my Grand Child Thomas Henry Gillin. (and in case my Daughter should wish to dispose of my Real Estate to advantage I wil allow them so to do but they must invest the proseads of said sale of the Estate in sum place for the careying out of my wish so that nun of it may be lost.") The residue of the estate of the testator was the farm herein mentioned, the same being his only real estate not otherwise disposed of.

(4) Martha M. Gilland is sixty-two years of age and it is admitted that she will have no more children than the three herein mentioned. Thomas H. Gilland and Mary B. Gilland (now Homer) were born prior to the date of the will. Abagail Ann Snyder died years ago.

(If the court be of opinion that Martha M. Gilland and John C. Gilland her husband, together with their children, Thomas H. Gilland, Anna J. Gilland, Mary B. Homer and J. W. Homer, her husband, can convey to the said W. S. Hallett a title in fee to the lands above described then judgment to be entered for the plaintiff in the sum of $17,460.00, but if not then judgment to be entered for the defendant, the costs to follow the judgment, each party reserving the right to appeal therefrom to the Supreme Court.)

The court entered judgment for the plaintiff for $17,-460. Defendant appealed.

*Error assigned* was the entry of judgment.

A. J. W. *Hutton,* for appellant, cited: Oyster v. Knell, 137 Pa. 449; Lewis v. Brice, 187 Pa. 362; Guthrie's App.,

37 Pa. 9; Chew's App., 37 Pa. 23; Lancaster v. Flowers, 198 Pa. 614; Mulligan's Est., 209 Pa. 226; Thran v. Herzog, 12 Superior Ct. 551; Henninger v. Henninger, 202 Pa. 207.

*Charles Walter,* with him *Arthur W. Gillan,* for appellees, cited: Vilsack's Est., 207 Pa. 611; Potts v. Kline, 174 Pa. 513; Brinton v. Martin, 197 Pa. 615; Simpson v. Reed, 205 Pa. 53; Oyster v. Knell, 137 Pa. 448; Lewis v. Brice, 187 Pa. 362; Mulliken v. Earnshaw, 209 Pa. 226; Henninger v. Henninger, 202 Pa. 207; Huber v. Hamilton, 211 Pa. 289; Mercur's Est., 151 Pa. 49; Yetzer v. Brisse, 190 Pa. 346.

OPINION BY MR. JUSTICE MESTREZAT, March 31, 1913:

The will of the testator provides as follows: "the resadue of my estate I wil and bequeath to my daughter Martha Maria now married to Dr. John C. Gillin during her life-time and at her dath for the benefit of her children if their should be any living and in case their should be no children of hers or aney Heirs from any of her children then I wish that the said Dr. John C. Gillin is to devide the one-half of the residue of my estate between my brothers and sisters or thier Heirs."

We agree with the learned court below that under this provision of the will Martha M. Gilland took an estate tail which was converted into a fee by the Act of April 27, 1855, P. L. 368.

The word "children" is primarily a word of purchase, but it is well settled by our decisions that when it is used in the sense of "heirs of the body" or "issue," it is a word of limitation. It is clear, we think, that in the present case the testator used the word in the latter sense, and intended that the estate should go to the lineal descendants of his daughter. He contemplated an indefinite failure of his daughter's issue. The estate was to go over "only in case there should be no children of hers or aney Heirs from any of her children." So long,

therefore, as there was any of her own children or "aney Heirs from any of her children," the estate did not go to the other devisees. This language clearly indicates that it was the intention of the testator the estate should not go over until the extinction of the lineal descendants of his daughter. Shelley's rule applies, and the daughter takes an estate tail which is enlarged into a fee by the statute.

The judgment is affirmed.