Crawford et al., Appellants, *v.* Withrow et al.

Argued March 27, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

498

*Ralph W. Peacock,* for appellants.

*Clyde S. Pipes,* with him *H. D. Hamilton,* of *Hamilton & Pipes,* for appellees.

OPINION BY MR. JUSTICE MAXEY, April 9, 1934:

This is an action in ejectment for fifty acres of land. Judgment was entered on the pleadings, in favor of defendant. The property in controversy was owned by William Crawford, who died August 20, 1888, leaving a will which provided, inter alia, as follows: "I direct that my wife Mary Crawford shall have all the property both real and personal that I shall own at my decease and after my debts are all paid my wife Mary Crawford shall have the one third of the proceeds of the whole farm during her natural life, and the house we occupy at this time shall be her home during her natural life. I give and bequeath to my son John A. Crawford Fifty acres where the home now is. And I direct that the said John A. Crawford shall have the management and the supervision of the whole farm during the lifetime of my wife Mary Crawford and further that he shall pay all honest debts remaining unpaid at my death. And the two thirds of the proceeds of the whole farm after my wife Mary Crawford shall have her one third shall be divided equally among my children after debts are paid.

And I direct that my son John A. Crawford shall pay the one third of all legacies hereafter mentioned. And I give and bequeath to my son William H. Crawford the one half of the remaining part of my farm and that portion of it lying East of the Thompsonville road making the line that if one should have more ground the other whichever he can pay the other for it. And I also direct that the said William H. Crawford shall pay one third of the legacies. And I give and bequeath to my son Joseph B. Crawford the remaining half of my farm lying West of the Thompsonville road. And I also direct the said Joseph B. Crawford shall pay the one third of the legacies. ...... And I further direct that if any of my before mentioned children shall die without children their portion shall revert to the other heirs. Provided always that if any of my sons should die without natural heirs his widow should have his portion while she remains his widow.''

Mary Crawford, the widow of William Crawford, died, leaving surviving the three sons to whom the real estate was devised. William H. Crawford died November 18, 1930, leaving a widow and issue, and John A. Crawford died March 22, 1931, and Joseph B. Crawford is still living. John A. Crawford died without issue, his wife having predeceased him, and by his will devised his real estate to William W. Withrow, the defendant herein.

The question in this case is whether or not John A. Crawford took a fee simple estate to the fifty acres of land mentioned in this will. The testamentary provision quoted was given painstaking consideration by the court below and we are satisfied that a correct conclusion was reached. Judge HUGHES speaking for the court aptly said: ''Where there has been an absolute gift of a thing, later words in the same instrument will not operate to reduce the estate thus given, unless it is reasonably certain that such was the intention of the donor: Robinson's Est., 282 Pa. 531 [128 A. 437]; Mallory's Est., 285 Pa. 186, 189 [131 A. 714]; Lerch's Est., 309 Pa.

23 [159 A. 868]. And where the words used in a will are sufficient to vest an absolute estate, such interest is not to be cut down by subsequent provisions, unless the testator has indicated a clear intention to take away the estate previously given: Cross v. Miller, 290 Pa. 213, 216 [138 A. 822]; Billmyer v. Billmyer, 296 Pa. 31 at 33 [145 A. 674]; Lerch's Est., supra. Where the testator speaks concerning the failure of issue, it is to be construed to mean in the lifetime or at the death of such a person, and not an indefinite failure of issue, unless some contrary intention is made to appear, for, as was held in Seewald's Est., 281 Pa. 483 [127 A. 63], 'The rule established by numerous decisions both before and since this legislation (Act of July 9, 1897, P. L. 213, No. 172, and section 14 of the Wills Act of June 7, 1917, P. L. 403, 408) is that where an absolute estate is devised, followed by a gift over in event of the death of the donee without issue, such words will be construed as referring to death without issue in the lifetime of testator if the gift is immediate, or during continuance of the life estate if the gift is not immediate, and if the donee survives testator or the continuance of the intervening estate, his interest becomes absolute': Mickley's App., 92 Pa. 514; Patterson v. Reed, 260 Pa. 319, 322 [103 A. 735]; Lerch's Est., supra.

"The testator said that 'if any of my children shall die without children, their portion shall revert to the other heirs,' and immediately thereafter provided that, 'if any of my sons should die without natural heirs, his widow shall have his portion while she remains his widow.' The testator was using the words 'children,' 'heirs' and 'natural heirs' interchangeably. Natural heirs are lineal descendants, heirs begotten of the body and as used in a will and by way of executory devise, these terms are to be considered as of the same legal import as 'heirs of the body': 29 C. J. 344, section 43. It is the apparent intention of the testator to limit the estate to the lineal heirs of issue: Vilsack's Est., 207 Pa. 611 [57 A. 32]; and

where the word 'children' is used in the sense of meaning 'heirs of the body' or 'issue,' [it] is a word of limitation: Gilland v. Hallett, 240 Pa. 268, 271 [87 A. 303]; and under the rules of construction heretofore mentioned must be construed to import a general and indefinite failure of issue, and the estate of the first taker is an estate in fee tail, which by force of the Act of April 27, 1855, P. L. 368, became a fee simple: Horton v. McCall, 233 Pa. 405 [82 A. 472]. Where there has been an absolute gift made by the testator, a clause of doubtful meaning, such as the one we have here to construe, will not be permitted to cut down that earlier gift: Eichenlaub's Est., 307 Pa. 357 [161 A. 317]; Lerch's Est., supra. We believe the intent of the testator was to vest an absolute estate in his son in the first instance and that the words subsequently used do not have the effect of cutting that estate down. It further appears that during the possession of the estate by the donee, he is called upon to make payments and do certain acts in connection with his estate, and it would be unreasonable to suppose that he should be required to do these things if no vested estate were his at the time of doing the same. . . . . . .

"The fair construction of this will is to hold that the intention of the testator was that his son should inherit this estate subject to certain charges against the real estate; and that the language of the will indicates that the testator intended legacies to be paid, knowing that his personal estate would be insufficient for that purpose; or if it appear that in giving legacies he had the real estate in mind, they will constitute a charge thereon, although it be devised: Duvall's Est., 146 Pa. 176 [23 A. 231]; Dickerman v. Eddinger, 168 Pa. 240 [32 A. 41]. It would appear from the whole will to be the intent of the testator to charge the payment of the legacies and debts on the real estate, and to have during the life of the donee a vested interest in him."

The judgment is affirmed.