**UNITED STATES v. 0.20 ACRE OF LAND IN NEW ALEXANDRIA BOROUGH, WESTMORELAND COUNTY, Pa., et al.**

Civ. No. 2454.

District Court, W. D. Pennsylvania.

April 17, 1947.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for plaintiff.

Frederick T. Seymour, of Greensburg, Pa., for viewers.

Edward P. Doran, of Greensburg, Pa., for exceptants.

Glen N. Machesney, of Greensburg, Pa., for claimants.

GOURLEY, District Judge.

This case comes before the Court on appeal from and exceptions to the award of the Board of Viewers appointed by this Court to assess damages by reason of the condemnation of a certain tract of land situate in Westmoreland County, Pennsyl-

vania, which was appropriated by the United States of America.

In the appeal from the award of viewers and the exceptions filed to the award made, it is contended that the viewers erred in finding that Angelo Assini and Mary Assini, his wife, were vested with fee simple title or ownership to the real estate condemned.

The case has not been argued before this Court but was assigned for opinion on the 24th day of March, 1947. Counsel by written stipulation present the case to the court on an agreed statement of facts:

"1. That J. Renwick Johnston et ux by deed dated 31 March, 1870, recorded in the Recorder's Office of Westmoreland County, 8 April, 1870, in deed book 66, page 382, conveyed to Eliza Moorhead (widow) a certain lot situate in Derry Township, now New Alexandria Borough, Westmoreland County, Pennsylvania, fronting 66 feet on the northerly side of Gay Street and extending back therefrom of even width, 160 feet, which includes the land taken by the United States in this proceeding.

"2. That the said Eliza Moorhead died testate July 8, 1892, and by her last will and testament dated 16 June, 1892, recorded in the Office of the Register of Wills of said Westmoreland County in Will Book 8, page 563, provided, inter alia as follows: 'I give, devise and bequeath all that certain lot of ground containing one-fourth of an acre, more or less, situated in Derry Township, Westmoreland County, Pennsylvania, facing Gay Street in the Borough of New Alexandria, County and State above named, on the West by lands of Will Workman, on the North by lands of Will Workman, on the East by road leading to the Union Cemetery, on which is erected a dwelling house of logs and frame, a frame stable and other outbuildings, to my son, James K. Moorhead and my daughter Ida B. Moorhead jointly each having an equal share of said described property, and further that said James K. Moorhead and Ida B. Moorhead can make no disposition of said property in part or whole by sale or any other way without mutual consent of both parties, and further if my son James K. Moorhead is taken away by death without issue before my daughter Ida B., his

share to revert to my daughter Ida B., and further if my daughter Ida B., is taken away by death without issue her share to revert to my son James K. and further if my son James K. and my daughter Ida B. are taken away by death without issue the above named and described property, if not sold, to return to my heirs.'

"3. James K. Moorhead died testate, January 4, 1927, unmarried and without issue, and by his last will and testament dated 24 December, 1926, recorded in the Office of the Register of Wills of said Westmoreland County, in Will Book 24, page 26, after certain bequests of personalty, provided: 'Fifth—I give and bequeath unto my sister Ida B. Moorhead all the residue of my estate.'

"By codicil thereto dated 29 December, 1926, recorded as aforsaid, after certain legacies, provided: 'In case my sister, Ida B. Moorhead, who was made my residuary legatee, should precede me in death, then, in that event, I give and bequeath the remainder of my estate to The Women's Missionary Society of the New Alexandria Presbyterian Church in memory of my Mother, Eliza Moor Moorhead. This fund to be known as the Eliza Moor Moorhead Memorial, to be properly invested by said Women's Missionary Society and the income derived therefrom devoted to the regular missionary work of said society.'

"4. Ida B. Moorhead died testate, October 4, 1927, unmarried and without issue, and by her last will and testament dated 4 August, 1927, recorded in the Office of the Register of Wills of said Westmoreland County in Will Book 24, page 187, after certain bequests of personalty, provided: 'All the rest, residue and remainder of my estate, real, personal and mixed, I do give, devise and bequeath unto The Women's Missionary Society of the New Alexandria Presbyterian Church to be held by the said Women's Missionary Society in trust, in memory of my mother, Eliza Moor Moorhead, to be properly invested and to use the income derived therefrom for the regular missionary work of said Women's Missionary Society.'

"5. That said lot was not sold by the said James K. Moorhead and Ida B. Moorhead.

"6. The Women's Missionary Society of the New Alexandria Presbyterian Church by Dorothy N. Henry, Trustee, appointed by the Orphans' Court of said Westmoreland County, at No. 11 February Term, 1937, conveyed said premises to Angelo Assini and Mary Assini, his wife, by deed dated 26 February, 1937, recorded in the Office of the Recorder of Deeds of said Westmoreland County in Deed Book 991, page 228.

"7. In case it is determined that Ida B. Moorhead did not have an estate in fee simple in said premises, the heirs of Eliza Moorhead and their respective interests are as follows: .

**"I.** Martha Moorhead Keener, deceased
 (a) Mary Keener Lohr, deceased
 1. Alex M. Lohr, 1/40
 2. Delle Lohr Grant, 1/40
 3. Odessa Lohr Damato, 1/40
 4. Mary Gladys Lohr, 1/40
 (b) Sue Keener, Ross, 1/10
 (c) Henry Sebastian Keener, deceased
 1. S. Robb Keener, 1/20
 2. Greorge Keener, 1/20
 (d) Howard S. Keener, 1/10
 (e) Lyda Keener, 1/10
**II.** Jennie Moorhead Fritz
 (a) George M. Fritz, 1/4
 (b) Mary E. Fritz Bossart, 1/4"

The legal question before the Court is the proper construction to be placed on the Will of Eliza S. Moorhead, which Will was made on the 16th day of June, 1892. [1] The Board of Viewers in their report filed on the 2nd day of February, 1945, awarded to Angelo Assini and Mary Assini, his wife, as the owners in fee simple of the tract of land condemned, the amount of $514.00 as just compensation for said property, said award not including interest upon the amount of the award or any portion thereof. The appeal from and the exceptions to the award of the Board of Viewers were filed by the heirs of Eliza S. Moorhead on the 23rd day of March, 1945.

It is contended by Angelo Assini and Mary Assini, his wife, who purchased said real estate through an Orphans' Court proceeding in Westmoreland County, Pennsylvania, that they are the owners of the real estate. That under the terms and provisions of the Will of Eliza S. Moorhead, the devisees, James K. Moorhead and Ida B. Moorhead, a son and daughter of the deceased respectively, took said land

[1] "In the name of God, Amen. I Eliza S. Moorhead (widow of the late Alexander Moorhead, Decd) of the Borough of New Alexandria County of Westmoreland and State of Pennsylvania being of sound mind memory and understanding, do make publish and declare my last will and testament as follows: After the payment of all my just debts, funeral expences and the costs of settleing my estate, I give devise and bequeath all that certain lot of ground containing about one fourth of an acre more or less situated in Derry Township Westmoreland County and State of Pennsylvania faceing Gay Street in the borough of New Alexandria county & state above named, on the west by lands of Will Workman on the north by lands of Will Workman on the east by road leading to the Union Cemetary, on which is erected a dwelling house of logs & Frame, a frame stable and other .out buildings, to my Son James K. Moorhead and my daughter Ida B. Moorhead, Jointly each haveing an equal share of said described property, and further that said James K and Ida B. Moorhead care make no disposition of said property in part or whole by sale or any other way without mutual consent of both parties. And further—If my son James K. is taken away by death, without isue befor—my daughter Ida B. his share to revert to my daughter Ida B. and further if my daughter Ida B. is taken away by death without isue her share to revert to my son James K.— And further If my Son James K. and by daughter Ida B. are taken away by death without isue. The above named & described property if not sold, is to return to my heirs.

"And further—I give devise and bequeath a certain bequest left me by will of my sister in law the late Jane F. Moore, to my son James K. & my daughter Ida B. Moorhead, jointly each haveing an equal share.

"And further—I give devise and bequeath all my house hold goods to my daughter Ida B. Moorhead.

"And I hereby nominate and appoint Robert A. Dornon, Executor of this my last will and testament. In witness whereof I Eliza S. Moorhead have to this my will set my hand and seal this 16th day of June A. D. 1892.

 Eliza S. Moorhead (Seal)

"Signed, sealed, published and declared by the above Eliza S. Moorhead as and for her last will and Testament in the presence of us who have hereunto subscribed our names at her request in the presence of the Testatrix and of each other.

 "Jas. H. Sheffler
 "Z. H. Fritz"

by an estate tail, which by the Act of April 27, 1855, P.L. 368, § 1, 68 Purdon's Pennsylvania Statutes Annotated, § 124, was enlarged into an estate fee simple.

It is contended by the exceptants that under the Will of Eliza S. Moorhead, since said real estate has not been sold, they became vested with the ownership thereto on the death of James K. Moorhead and Ida B. Moorhead without issue, and are, therefore, entitled to the award made by the viewers as just compensation.

■ Although the federal court in eminent domain proceedings is required by Federal Statutes to follow the forms and methods of procedure prescribed by local law, it is not bound by the local law on questions of substantive right—such as the measure of compensation—which are governed by the Federal Constitution. United States v. Miller et al., 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55.

However, the question in this case involves the title or ownership to the real estate which was condemned or appropriated by the United States Government.

■ It is, therefore, a question of real estate law which must always be determined by the law of the state in which the realty is located. United States v. Becktold Co., 6 Cir., 129 F.2d 473; United States v. 19.86 Acres of Land in East St. Louis, 7 Cir., 141 F.2d 344, 151 A.L.R. 1423; Clarke v. Clarke, 178 U.S. 186, 20 S.Ct. 873, 44 L.Ed. 1028; United States v. 25.936 Acres of Land, Edgewater Borough, Bergen County, N.J., 3 Cir., 153 F.2d 277.

I must, therefore, look to the law of Pennsylvania for the rules which govern this real estate in its descent, alienation and transfer, and for the effect and construction of said Will and other conveyance.

It is necessary to keep in mind that part of the Will of Eliza S. Moorhead which relates to the question before the Court, in order that a proper interpretation can be made thereof:

1. The testatrix gives, devises and bequeaths the land involved in the condemnation proceeding to her son, James K. Moor-head, and her daughter, Ida B. Moorhead, jointly with each to have an equal share.

2. That said devisees can make no disposition of said property, in part or whole, by sale or any other way, without mutual consent of both.

3. That if James K. Moorhead dies without issue before Ida B. Moorhead, his share is to revert to Ida B. Moorhead.

4. If Ida B. Moorhead dies without issue, her share is to revert to James K. Moorhead.

5. If James K. Moorhead and Ida B. Moorhead die each without issue, said property, if not sold, is to return to the heirs of Eliza S. Moorhead.

It appears that James K. Moorhead and Ida B. Moorhead never married and, as a result thereof, they died without issue and no children were adopted by either of said parties. Furthermore, said property was not sold by either of said parties during their lifetime. James K. Moorhead by his Last Will and Testament devised the real estate to Ida B. Moorhead. Ida B. Moorhead by her Last Will and Testament devised the real estate to the Women's Missionary Society of the New Alexandria Presbyterian Church, to be held by the said Women's Missionary Society in trust in memory of Eliza S. Moorhead, to be properly invested and to use the income derived therefrom for the regular missionary work of said Women's Missionary Society. The Missionary Society, after the death of Ida B. Moorhead, through an Orphans' Court proceeding in Westmoreland County, Pennsylvania, secured authority to sell said real estate to Angelo Assini and Mary Assini, his wife. [2]

The Will of Eliza S. Moorhead was dated June 16, 1892, and she died testate July 8, 1892. As a result of which, the interpretation and construction of said Will will be based on the law as it existed prior to the Act of July 9, 1897, P.L. 213, § 1, 21 Purdon's Pennsylvania Statutes Annotated, § 9.

The first question for consideration is— Did the testatrix, Eliza S. Moorhead, con-

---

[2] See proceeding at 11 February Term, 1937, Orphans' Court, Westmoreland County, Pennsylvania.

template and intend to provide for the event of her children dying after her without leaving any issue surviving them at the time of their death, or did she merely provide for the contingency of their death in her own lifetime?

■ Prior to the Act of 1897, supra, (in reference to definite and indefinite failure of issue) the rule of construction was, where there was a devisee over, in event of the death of the first taker, it is generally understood to mean death occurring in the lifetime of the testator. This rule is never applied when the Will itself shows some other period or time or "where the first takers referred to are treated as living at a period subsequent to the death of the testator." Mebus' Estate, 273 Pa. 505, at page 516, 117 A. 340, at page 343; Stoner v. Wunderlich, 198 Pa. 158, 47 A. 945.

■ When a testator makes limitations over to survivors, after the death without issue of the first taker, and names as remaindermen persons who it is known are bound to exist, a strong presumption is raised that an indefinite failure of issue is not contemplated.

■ The Act of 1897 provides that the words "die without issue" shall, in the absence of a contrary intent, be construed to mean a definite, and not an indefinite, failure of issue. Prior to 1897, the words "die without issue" standing alone meant an indefinite failure of issue but this construction will always yield to an apparent intent, on the face of the will, that the words were to have a more restricted meaning, or were to apply at a particular time, as that of the death of the first takers. Waldron, Appellant, v. Wahl et al., 286 Pa. 37, 133 A. 252; Field's Estate, 266 Pa. 474, 109 A. 677; Smith v. Piper, Appellant, 231 Pa. 378, 80 A. 877.

■ "Issue" is primarily a word of limitation and while the context may show that it is used as a word of purchase, it will not be so construed unless other language of the Will requires it to carry out the manifest intention of the testator. The words "die leaving no issue" have a fixed legal meaning, and in the absence of language in the Will disclosing a different intent, they import a general indefinite failure of issue, and not a failure at the death of the first taker. Rules for the construction of Wills were not made for the defeat of but to carry out the intention of the testator. If that intention is clearly manifested in the instrument and is not violative of some rule of law, it cannot be defeated by the application of technical rules of construction. Arnold v. Muhlenberg College, Appellant, 227 Pa. 321, 76 A. 30.

■ The law was definitely settled prior to the Act of 1897, supra, that where a person devised real estate to a child and at the death of said child to the issue thereof, if such there be, and if the child should die without issue, then over, to another person, that said devise gives to the child an estate tail, which under the Act of 1855, supra, was converted into an estate in fee simple. Kyner v. Hockersmith, Appellant, 235 Pa. 586, 84 A. 506; Horton, Appellant, v. McCall, 233 Pa. 405, 82 A. 472; Graham v. Abbott, Appellant, 208 Pa. 68, 57 A. 178; Arnold v. Muhlenberg College, Appellant, 227 Pa. 321, 76 A. 30; Christy's Estate, 245 Pa. 529, 91 A. 939.

There is no question that prior to the Act of 1897, supra, if the devise to James K. Moorhead and Ida B. Moorhead did not carry the provision that after their death without issue, the property, if not sold, was to be returned to the heirs of the testatrix, said devisees or children of the deceased would have been vested with an estate tail, which would have been converted to a fee simple by the Act of 1855, supra. Gilland et al. v. Rallett, 240 Pa. 268, 87 A. 303. Applying this rule, Angelo Assini and Mary Assini, his wife, would have had absolute ownership and fee simple title and, therefore, be entitled to the just compensation or award made in this case.

■ Where an estate in fee simple is devised, but in the event of the death of the donee without issue another devisee is to be substituted, such a provision is construed to mean death without issue in the lifetime of testator, and if the donee survives the testator, his interest becomes absolute. This rule, however, does not apply

where the testator discloses an intention to the contrary as, for example, by treating the first taker as living at a period subsequent to the testator's death since the intention of the testator always controls. Davenport et al., Appellants, v. Graham, 343 Pa. 497, 23 A.2d 482; Wraught's Estate, 347 Pa. 165, 166, 32 A.2d 8.

It appears from the wording of the Will that the testatrix intended this real estate to be returned to her heirs in the event that her son and daughter died without issue, and without having sold the property, that, by the word "issue", it was meant issue living at a particular period or at the time of the death of the first taker. In other words, the testatrix intended a definite, and not an indefinite, failure of issue. Mebus' Estate, 273 Pa. 505 at 517, 117 A. 340; English's Estate, 270 Pa. 1, 4, 112 A. 913; Kirkpatrick's Estate, 280 Pa. 306, 124 A. 474.

It is contended that since James K. Moorhead and Ida B. Moorhead had the right and authority to sell and dispose of said real estate during their lifetime, that the restriction which the testatrix placed on said devise is not legally enforceable, and is in restraint of alienation. Fisher v. Wister, 154 Pa. 65, 25 A. 1009; Rea v. Bell, 147 Pa. 118, 23 A. 349. In other words, reliance is placed on the rule of law that the forfeiture by gift over of an absolute estate upon failure to dispose of property during life or by Will is invalid. However, before this doctrine may be invoked, it must appear clearly, from a reading of the whole Will, that the testatrix's intention was to vest in the first taker an estate of absolute ownership. Accordingly, a gift over after the death of the first taker may indicate an intention to vest in the first taker no more than a life estate, and where an examination of the whole Will discloses such to be the controlling intention, it will, of course, be given effect. Byrne's Estate, 320 Pa. 513, 518, 181 A. 500; Stanton et al. v. Guest et al., 285 Pa. 460, 132 A. 529; Haydon's Estate, 334 Pa. 403, 6 A.2d 581; Eichenlaub's Estate, 307 Pa. 357, 161 A. 317; Calder's Estate, 343 Pa. 30, 21 A.2d 907.

All words used by a testator should be taken into account and where they clearly show a dominant intent not to vest a fee but to restrict the gift, it must be given effect accordingly. Where a will is expressed with sufficient clearness so as not to require the use of artificial rules of construction to ascertain its meaning, it is unnecessary to refer to such rules or to discuss authorities. Deeter's Estate, 280 Pa. 136, 124 A. 416.

Examining the present Will in the light of these precedents, the clause "die without issue" as it pertains to both James K. Moorhead and Ida B. Moorhead, and the phrase "if not sold to my heirs" must be interpreted as referring to the death of both devisees irrespective of when it might occur and definitely not during the lifetime of the testator. If this were not true, the provision that the real estate if not sold was to return to the heirs of the testatrix would be meaningless. Obviously there could not be any use, disposal, consumption, or conveyance of the real estate by either James K. Moorhead or Ida B. Moorhead until after death of the testatrix, Eliza S. Moorhead, for then only would the provisions of the Will go into effect and the rights and privileges given in the Will become legally effective.

It appears to me that the testatrix intended to give her two children, or the survivor, the use and power to consume or dispose of said real estate during their life for any purpose and in any way that they or the survivor might see fit, and without interference or challenge from any one. But it is equally clear that if said real estate were not disposed of and death occurred without issue, it was to go to the heirs of the deceased testatrix, living at the time of the death of said children or devisees. In vesting a life estate in said children with power to consume, the testatrix gave them the complete power, use and enjoyment of the property and, in fact, all the benefits of absolute ownership except the power to control the devolution of the property upon their death without issue.

Precedents are of little value in the construction of Wills, because, when used

under different circumstances and with different context, the same words may express different intentions.

 Wills and the construction of them do more to perplex the legal mind than any other learning, and to make a certain construction of a Will, the primary effort is to determine the intention of the testator. Unless public policy forbids, it is the duty of the Court to enforce that intention so that in death the property involved may be faithfully disposed of according to the Will. Since the courts have this duty in the last analysis and in evaluating the expression used by the testator in the instant case, I can reach no other conclusion but what it was intended that the children were given a life estate with the absolute power of consumption and use during their lifetime, but that upon failure to exercise said right or upon their decease without issue, said real estate was to become vested in the heirs of the testatrix. The intention of a testator must be ascertained from the testamentary instrument as a whole. Hanna's Estate, 344 Pa. 548, 26 A.2d 311.

The expression used by the testatrix, that if each of the devisees died without issue and the property had not been sold that it was to be returned to the heirs of the testatrix, means that said real estate would become vested by the provisions of said testament in the heirs of the testatrix who were living on the date of the death of the last devisee, which in this case was October 4, 1927.

 The words "revert" or "return" used in a Will are words of gift, with the meaning of "to go to", and are sufficient to carry the estate, after the expiration of a particular estate, to the persons so designated. Smith's Petition, 291 Pa. 129, 139 A. 832.

The devise of Ida B. Moorhead in her Last Will and Testament to the Women's Missionary Society of the New Alexandria Presbyterian Church, therefore, was legally ineffective. Furthermore the Orphans' Court proceeding, in which the sale by the Society to Angelo Assini and Mary Assini was authorized, could not clear or make indefeasible a title which never existed.

I do not believe that the testatrix in this case contemplated the death of her son or daughter, James S. Moorhead and Ida B. Moorhead, in her own lifetime without issue, but, on the contrary, she was contemplating death of her children without issue after her decease when they had come into possession of her estate.

I am of the opinion that Ida B. Moorhead did not have fee simple title or ownership to said real estate at the time of her death on October 4, 1927.

As a result thereof, Angelo Assini and Mary Assini, his wife, are not the owners in fee simple of the property which has been condemned, and no right exists for them to claim the award which has been made in the amount of $514.00 as just compensation for the taking of said property. The exceptions to the award of the viewers are sustained, the judgment of said Board is reversed, and it is directed that the award of just compensation be distributed among the heirs of Eliza S. Moorhead living at the time of the death of Ida B. Moorhead on October 4, 1927.