## Urich *versus* Merkel.

1. A devise was " to my son John and to his heirs all my farm, * * * together with all the buildings * * * farming stock and utensils belonging to the farm, unto the said John and to his heirs." There were similar devises to other children. The testator further declared that none of his children should sell their land or encumber it, " but the land should remain free for their children or heirs, and my said children shall have the use, income and profits * * * during their lifetime." He gave his children the right to make wills, so that either of them should " have privilege to dispose of their several legacies by will, but not otherwise." *Held*, that John took but a life estate.

2. The intention of the testator, gathered from all parts of the will, was to give a life estate, not merely to restrict the devisee's power over a previously given fee simple.

March 8th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Berks county :* Of January Term 1876.

This was an amicable action of assumpsit between Matilda Urich, late Staudt, and Samuel Merkel, commenced February 3d 1873, in which the following facts were agreed to by the parties in a case stated :—

" Jacob Staudt, late of Bern township, Berks county, by his will dated on the 23d day of December 1853, and proved on the 3d day of January 1854, devised as follows :—

[Urich *v.* Merkel.]

" 'Item. I give and bequeath unto my son, John Staudt, and to his heirs, all my large farm * * * containing three hundred acres, more or less, together with all the buildings and improvements, and grain seeded out and grass, and hay and straw and manure, and all timber and posts and rails, together with all the farming stock and the utensils belonging to the farm, unto the said John Staudt and to his heirs.' "

In much the same terms he gave farms to his daughters Catharine, Sarah, Polly and Harriet; and further provided:—

" 'Item. I herewith make known and declare it as my will, that none of my aforesaid children shall have a right to sell or assign their land or property to them bequeathed as aforesaid; neither shall they have a right to encumber it with debts or liens, but the lands shall remain free for their children or heirs; and they, my said children, shall have the use, income and profits of the said land and farms during their lifetime. * * *

" 'Item. Whereas, I have ordained in this my will that none of my children shall have a right to sell, nor encumber, nor involve any of the real estate to them bequeathed; but I do hereby give either of my aforesaid children power, authority and the right to make a will and testament, to take effect after their decease, so that either of them, to wit, John, Catharine, Sarah, Polly and Harriet may and shall have privilege to dispose of their several legacies by will as aforesaid, but not otherwise.'

" John Staudt died intestate in October 1869, leaving a widow, to wit, Matilda Staudt, the plaintiff in this suit, and issue five children * * * all of whom are minors, and have for their guardian Samuel Merkel, the defendant in this suit. Samuel Merkel, guardian, has collected the rents, issues and profits of the real estate devised to the said John Staudt as aforesaid, and claims the right to hold the same in trust for the minor children. The amount in his hands so received at the time the amicable action was entered, was $2011.47; one-third of which is claimed by the said Matilda Urich, late Matilda Staudt, as relict and widow of the said John Staudt, deceased, under the intestate laws of this Commonwealth, to wit, $670.49.

" If the court be of opinion that Matilda Staudt, widow as aforesaid, is so entitled, then judgment to be entered for the plaintiff; but if not, then judgment to be entered for the defendant."

Hagenman, P. J., delivered the opinion of the Court of Common Pleas.

* * * " The question then recurs, what interest or estate did Jacob Staudt intend to give to his son John? By the first clause above mentioned, clearly a fee simple is given. The devise is to him and to his heirs. No stronger expression could be used to carry a fee. But this clause must be taken in connection with every part of the will. The two other clauses have direct reference

to the same subject-matter. . Although a fee may be given in a former part of a will, it may be restrained by a subsequent clause so as to convert it into an inferior interest. Indeed a particular estate is more frequently given in this mode than in any other. Where a testator has given a fee, he cannot strip it of its nature and properties, that is, make a fee something else than that which the law recognises as such, but he may restrict the generality of his gift and devise to a less estate.

"Apart from settled decisions, the Act of April 8th 1833, recognises this power of the testator. It provides that all devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or perpetuity, unless it appears by words of limitation or otherwise in the will, that the testator intended to devise a less estate. What, then, was the intention of Jacob Staudt in introducing the above second clause in his will? The first gave a fee, which is the highest interest that any one can have in lands. The second could give no more. Why, then, insert it, if it was not his intention to limit the estate? He could have had no other object. He says: 'I herewith make known, and declare it as my will that none of my aforesaid children shall have the right to sell or assign their land or property to them bequeathed as aforesaid. Neither shall they have a right to encumber it with debts or liens, but the land shall remain free for their children; and they, my said children, shall have the use, income and profit of the said land and farms during their lifetime.' This will was written by a person who knew something of legal terms without understanding their legal import. It is obscure in many of its provisions, and phrases are jumbled together in an incongruous manner. But if we transpose this clause somewhat, we may more clearly get at the intention of the testator. Thus: I herewith make known and declare it as my will that my children shall have the use, income and profits of the said lands and farms during their lifetime; none of them shall sell or assign, neither shall they have a right to encumber with debts or liens, but the lands shall remain free for their children or heirs. From this it is obvious that a limited estate was only intended to be given. This is made more manifest by the last clause in the will, which contains not only a power of appointment that was never exercised, but a reiteration in the most emphatic manner of such limited estate in the testator's children. 'Whereas, I have ordained in this, my will, that none of my children shall have a right to sell, nor encumber, nor involve any of the real estate to them bequeathed, but I do hereby give either of my said children power, authority and right to make a will and testament to take effect after their decease, so that either of them, to wit: John, Catharine, Sarah, Polly and Harriet, may and

[Urich v. Merkel.]

shall have the privilege to dispose of their several legacies by will, *but not otherwise.*'

." It seems clear to us that the testator intended to give only a life estate. We are strengthened in this view by reference to the other provisions of the will made a part of this case stated.

" A father was providing for a son and four daughters, two of whom were married. To each of his daughters by name he gave. a farm by separate clauses in his will, and used the same language. in the devise to them that was used in regard to the son. He had a father's solicitude for his daughters, and gave them an estate which he intended as a provision for their lives, and in case of their death his patrimony should descend to their children and not be enjoyed by their husbands, strangers to his blood. On behalf of the plaintiff it is claimed, that under the rule in Shelley's case, John Staudt took a fee simple, and it matters nothing that the creation of a fee through the operations of this rule would defeat the intention of the testator. This position would probably be correct, if the cases of Williams *v.* Leech, 4 Casey 89 ; Naglee's Appeal, 9 Id. 89 ; and McKee *v.* McKinley, Id. 92, had not been expressly overruled by Guthrie's Appeal, 1 Wright 9.

" This last case recognises the right of the donor to control his gift. In Dodson *v.* Ball, 10 P. F. Smith 492, the present chief justice reviews the numerous conflicting decisions in our state upon this vexed question, and re-affirms the principle of Guthrie's Appeal. In Naglee's Appeal the will is very similar to the one under consideration, and in speaking of it and the other two cases above referred to, Chief Justice Agnew says that Judge Strong was clearly right ; for, undoubtedly, upon the terms of the wills in those cases, the words were those of purchase and not of limitation. For the reasons here given, judgment is entered for the defendant with costs."

The plaintiff took a writ of error and assigned for error, the entering judgment for the defendant.

*Livingood* and *Shalter*, for plaintiffs in error.

*W. H. Livingood*, for defendant in error.

Judgment was entered in the Supreme Court, March 13th 1876,

Per Curiam.—The principal item in this will which devises to John Staudt a farm in Bern township, certainly would give to him a fee simple. But the intention of a testator when discovered by an examination of all parts of his will must govern. Therefore, when we come to the item defining the power of his children over the estates given to them, we discover plainly that he intended to confer a life estate only and not merely to restrict their power

[Urich *v.* Merkel.]

over a precedently-conferred fee simple. The power to devise given in the last item is certainly consistent with the gift of a life estate; indeed it would be unnecessary had the testator intended John to have a fee simple. We see no error in the conclusion of the learned judge.

Judgment affirmed.