## Sanders *v.* Mamolen, Appellant.

*Will—Devise—Restriction on alienation.*

As a restriction of alienation on the grant of a fee is against the general rule of law, it must be construed strictly.

Testatrix, after having directed payment of all her debts, devised four-sevenths of the residue of her estate, which consisted of real and personal property, to her daughter, but provided, "that no part or parcel of said property be sold or disposed of until after the death or demise of my daughter, but that it be rented or leased and the sum realized to be divided according to the above provisions." By a codicil testatrix directed "that if it becomes necessary to dispose of or sell my real estate prior to, or after my death, my daughter shall be entitled to and is hereby authorized to receive her portion annually until the death of her husband, after which she is to receive the full amount of her share." *Held,* (1) that under the will there was no restriction upon the daughter but only a direction of the testatrix to her executors; (2) that after the death of the daughter's husband there was an absolute right in the daughter, or her assignee, to receive the proceeds of the sale of the real estate, and that a title in fee simple was in her under the codicil without regard to the will.

Submitted Oct. 25, 1905. . Appeal, No. 14, Oct. T., 1906, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1906, No. 64, on case stated in suit of Elizabeth J. Sanders and Alice B. Valentine v. Peter Mamolen. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine the marketable title to real estate. Before SHAFER, J.

Testatrix by her will directed as follows :

" I order that all my just debts, funeral expenses and charges of proving this, my will, be in the first place fully paid and

satisfied, and after payment thereof and every part thereof, I give and bequeath to my daughter, Sarah A. Davis, four-sevenths of the residue, and to my son, John Ingraham, now residing in Tarentum, Allegheny county, three-sevenths of the remainder. The property devised by this will consists of one house and lot in the village of Tarentum, Allegheny county, Pennsylvania, and I do further will and direct that no part or parcel of said property be sold or disposed of until after the death or demise of my daughter, Sarah A. Davis, but that it be rented or leased, and the sum realized to be divided according to the above provisions. My reason for making the above provision is that my daughter, Sarah A. Davis, remained at home long after she became of age, giving me the benefit of her labor and is now providing a home for me."

A codicil to the will was as follows :

" I, Nancy Ingraham, the testator in the above will and testament, do make the following provisions, viz. : That if it becomes necessary to dispose of or sell my real estate prior to or after my death, my daughter, Sarah A. Davis, shall be entitled to and is hereby authorized to lift and receive her portion annually until the death of her husband, William Davis, after which she is to receive the full amount of her share. But if she should die before her husband, the remainder of her portion, if any, to be paid to her children, if of age ; but if not of age, it shall be paid to their guardian, to be given to them when they arrive at the full age of twenty-one years."

The plaintiffs in the case stated claimed title from Sarah A. Davis. The defendant agreed to purchase the property for $2,500.

The court entered judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was the judgment of the court.

*R. A. Kennedy*, for appellant.—The clause against alienation in the will of Nancy Ingraham we contend is good, for the reason that it is only a partial restriction, being during the lifetime of a person living at the death of the testatrix : Williams v. Nisly et al., 2 S. & R. 507.

*Nelson McVicar*, for appellee.—The restraint on alienation

contained in the will of Nancy Ingraham is illegal and void, for the reason that it is incompatible with the estate granted in fee : Jauretche v. Proctor, 48 Pa. 466 ; Kaufman v. Burgert, 195 Pa. 274 ; Brock v. Steel Co., 203 Pa. 249.

Per Curiam, January 2, 1906 :

The testatrix devised four-sevenths of her estate to her daughter, but provided " that no part or parcel of said property be sold or disposed of until after the death or demise of my daughter, Sarah A. Davis, but that it be rented or leased and the sum realized to be divided according to the above provisions."

On this branch of the case the learned judge below well says : " As a restriction of alienation on the grant of a fee is against the general rule of law, it must be construed strictly, and it requires no very strict construction of the will in question to read it as not being a restriction upon Sarah A. Davis, herself, but only a direction of the testatrix to her executors. It will be observed that the testatrix puts her personal property and the land in question into a common fund for the payment of her debts, and then directs, not that her daughter shall not sell, but that the property shall not be sold till after her daughter's death, and, in the codicil, directs that if it becomes necessary to sell it, then her daughter shall have a certain share. We think there can be little question that the testatrix did not intend that her daughter, who was the principal object of her bounty, as she says, should not sell, but that the land should not be sold for the purpose of the will unless it was necessary."

But in addition to this the testatrix by a codicil provided : " That if it becomes necessary to dispose of or sell my real estate prior to or after my death, my daughter, Sarah A. Davis, shall be entitled to and is hereby authorized to lift and receive her portion annually until the death of her husband, William Davis, after which she is to receive the full amount of her share." William Davis, the husband, is now dead, and it thus appears that there is a power of sale, with an absolute right in Sarah Davis or her assignee to receive the proceeds. The title is good under the codicil without regard to the previous provisions of the will.

Judgment affirmed.