## Boulevard from Second Street.

*Wills—Construction—Life estate.*

1. A testator devised to his grandnieces all the property of which he should die possessed, "and to their heirs and assigns, subject nevertheless to the following restrictions, . . . the real estate of which I may die seised shall be held and enjoyed by them during their lives, or, in case of the death of one of them, during the life of the survivor," upon condition that they or one of them should make the testator's homestead a place of permanent residence; upon the refusal of both to reside at the homestead, for two months, the real estate mentioned to go as directed in the next clause of the will, as if the devisees were dead. The "next clause" of the will directed that upon the death of the devisees for life, the real estate should go to "The Infidel Society in Philadelphia, hereafter to be incorporated, and to be held and disposed of by them for the purpose of building a hall for the free discussion of religion, politics &c." *Held,* that as the remainder to the Infidel Society was invalid, the grandnieces took an estate for life only.

2. If a testator in one part of his will devises an estate in fee simple and it appears from the language of subsequent parts of the will that he intended the devisee to take a smaller estate the first devise is limited accordingly. Where the subsequent provisions only affect qualities inseparable from the estate previously given they have no effect. Where, however, they show the nature of the estate and that what might be a fee under preceding terms of the will was intended to be an estate for life or for years they are to be given effect.

Argued Dec. 14, 1909. Appeal, No. 281, Oct. T., 1909, by John T. Sinnott, executor and trustee under will of Mary A. Conover, deceased, from order of Q. S. Phila. Co., Aug. T., 1907, Docket No. 55, p. 208, sustaining exceptions to report of jury of view In re Boulevard from Second Street to Rhawn Street. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of jury of view.

The exceptions were, inter alia, as follows:

The Land Title & Trust Company, substituted trustee under the will of Amanda James, deceased, excepts to the report of the jury of view in this case, filed April 17, 1909, for the following reasons:

1. Because the jury failed to determine to whom the damages of $13,513, which they found had been caused to the "property marked on plan as belonging to Mary A. Conover and Annie E. James," should be paid, as required by law.

2. Because the jury reported that said property was "claimed by Eli K. Price, Esq., on behalf of the Land Title & Trust Company, adm. c. t. a., substituted trustees under the will of Amanda James, deceased; also claimed by E. O. Michener, Esq., and E. Spencer Miller, Esq., on behalf of John T. Sinnott, trustee under the will of Mary A. Conover, one-half, and the other half to Anna M. Cooper, M. Adelaide Jacoby and Henrietta Cooper, legatees and devisees under the will of Annie E. James," without finding to which of the adverse claimants or their counsel the said damages should be paid.

3. Because the jury did not award said damages to the Land Title & Trust Company, substituted trustee under the will of Amanda James, deceased, in accordance with the evidence of title presented to the jury, by which it appeared that the said property, which the jury found to have been damaged to the extent of $13,513, was vested in fee in Levi Nice by deed from Thomas Kimber, dated May 8, 1848, and recorded in Philadelphia in deed book A. W. M. No. 70, pp. 111 et seq., that the said Levi Nice died April 2, 1865, leaving a will proved in Philadelphia on March 12, 1866, and registered in will book No. 57, pp. 178 et seq., whereby he, inter alia, devised said property to his grandnieces, Mary A. Conover and Anna N. James, for their lives and the life of the survivor with remainder to the Infidel Society in Philadelphia, thereafter to be incorporated, in fee; that the Supreme Court of Pennsylvania in the case of Zeisweiss v. James, et al., reported in 63 Pa. 465, decided that, the devise to the Infidel Society being void, the said remainder after the termination of the life estates of the said grandnieces, "descended tô Amanda James, the niece of the testator," as "his heir at law under the Intestate Act," that the said Amanda James died December 23, 1889, leaving a will and codicils thereto proved in Philadelphia, December 27, 1889, and registered in will

book No. 148, pp. 434 et seq., whereof she appointed Israel H. Johnson and Anson H. Hamilton executors and trustees, to whom letters testamentary were duly granted, and that upon their subsequent discharge the said the Land Title & Trust Company was on June 9, 1894, appointed by the orphans' court for the county of Philadelphia substituted trustee under said will and codicils of Amanda James, deceased, whereupon the said property vested in it as such trustee in fee by the terms of said will and codicils.

The court in an opinion by MAGILL, J., sustained the exceptions and awarded the fund to the Land Title & Trust Company, administrator d. b. n. c. t. a.

*Error assigned* was the order of the court.

*Preston K. Erdman* and *E. Spencer Miller*, with them *Edwin O. Michener*, for appellant.—The devise to the grand-nieces in fee simple was not cut down to a life estate by the void restriction or limitation in favor of the Infidel Society "to be incorporated": Philadelphia v. Girard Heirs, 45 Pa. 9; Gramling v. Totheroh, 2 Woodward, 106; Arnold v. Congreve, 1 Russell & M. 209; Kampf v. Jones, 2 Keen, 756; Rea v. Bell, 147 Pa. 118.

The fee to the devisee, was not cut down because no one was qualified to take under the defeasance: Carstensen's Est., 196 Pa. 325.

*Eli Kirk Price*, for appellee.—The opinion of the Supreme Court in Zeisweiss v. James, 63 Pa. 465, should control the disposition of this case.

If, however, the opinion of the Supreme Court in Zeisweiss v. James, 63 Pa. 465, is not conclusive of this case, that court's construction of the will was right in principle and may well be adopted by this court: Sheets Est., 52 Pa. 257; Urich v. Merkel, 81 Pa. 332.

The devise in remainder to the Infidel Society having been held void, an intestacy as to the remainder was created and the fee, subject to the life estates previously created, passed

to Amanda James, the testator's niece and heir at law, under whose will the appellee is trustee: Mitcheson's Est., 5 Pa. C. C. Rep. 99; Yard v. Murray, 86 Pa. 113.

OPINION BY HENDERSON, J., March 3, 1910:

We feel constrained to hold that the judgment in this case should be controlled by the decision in Zeisweiss v. James, 63 Pa. 465. True it is, as contended by the appellant, that the issue in that case was not between the heir at law and the grandnieces to determine their respective titles, but the stipulation of the case stated involved an inquiry into their titles. It was agreed " that if the court should be of opinion that Amanda James, Anna N. James and Mary A. Connover were entitled to an estate in fee simple in said premises, judgment should be entered for the plaintiffs," etc. The niece and her daughters alleged, therefore, that they were the sole and absolute owners of the land which they had contracted to sell and in submitting the case stated they appealed to the court for judgment on the character of their title. The foundation of fact presented for the consideration of the court was the will of Levi Nice and the agreement that Amanda James was the sole heir at law of the testator. The decision that the devise to the Infidel Society was void did not determine the relative interests of the plaintiffs in the land to be conveyed, and when they asserted their power to sell and their right to compel the defendant to pay the purchase money it was in the line of logical inquiry to ascertain what interest they had and upon what title they stood as vendors. The interpretation of the will by the court in that case should have great weight, therefore, in determining the question now before us which directly involves the title of Amanda James as an heir at law of the testator and her two daughters as devisees. The sole question here is whether these devisees took a title in fee or a life estate, and on this point the decision holds their interest to be a life estate only and that, as there was no residuary clause in the will, the remainder passed to the heir at law because the devise to the Infidel Society was void.

If we agree with the learned counsel for the appellant, however, that the opinion of the court in that case went beyond the necessary limits of the questions submitted we think the opinion correctly interprets the intention of the testator and correctly states the reasons which should control the decision in this case.

In the second paragraph of the will the testator gives and devises to Mary A. Connover and Anna N. James, "All the property of which I may die possessed of in fee simple, and to their heirs and assigns, subject nevertheless to the following restrictions that is to say that the Real Estate of which I may die seized shall be held and enjoyed by them during all the term of their natural lives, or in case of the death of one of them then during the life of the survivor, upon the express condition that they shall make the homestead property upon which I now reside, and known as Oxford Lodge, as their place of permanent residence, or the residence of one of them, and it is my will that should they both refuse to so reside at said homestead residence for the space of two months then said real estate is to go as directed in the next clause of this my will that is to say in the same manner as if both of said devisees were dead." The next paragraph provides as follows: "Immediately after the death of both of my said grand nieces, then it is my will that my real estate aforesaid shall go to and be held in feel simple by the Infidel Society in Philadelphia hereafter to be incorporated," etc. It would be admitted of course that if the second paragraph ended with the devise in fee simple and to the heirs and assigns of the devisees there would be nothing for consideration here, but a very important part of the paragraph immediately follows which declares that the devise is subject to restrictions; that is, it is not the broad and general and absolute devise indicated by the words already used by the testator. The restrictions referred to are limitations on the estate devised in two respects, (1) the land is to be held and enjoyed by the devisees during all the term of their natural lives only or the life of the survivor of them; (2) if the devisees or one of them fail to make the homestead property their or her place of

permanent residence and both refuse to so reside for a space of two months then their estate is to cease and be determined as if both said devisees were dead and all the real estate is to go as directed in the next clause of the will. The next clause contains the devise to the Infidel Society. We find here, then, words in the second paragraph which, as we read them, clearly express the intention of the testator that the estate to be acquired by the devisees under the will shall be a life estate only determinable sooner by their refusal to occupy the homestead. This is set forth in language which is not obscure and which the ingenious argument of the appellant's counsel has not persuaded us is susceptible of another interpretation. This intention is further exhibited in the provision in the same paragraph that if the devisees refuse to occupy the homestead residence the "real estate is to go to as directed in the next clause of this my will, that is to say in the same manner as if both of said devisees were dead." These words show that the thought of the testator was that their interest was a life estate and that if they refused to comply with his request to occupy Oxford Lodge such refusal should have the like effect in terminating their estate as if they were dead. In the third paragraph there is a devise in remainder which becomes effective on the death of the survivor of the life tenants or at an earlier period if they fail to comply with the condition as to residence. If this devise had been good it would probably not be contended that the estate in the first takers was greater than a life estate. It is a well-recognized rule of construction that a limitation over after the death of the first devisee is evidence of an intention that the devisee of the prior estate in order of enjoyment was intended to have not more than a life estate. The estate is not cut down by the gift in remainder but the latter is evidence of the testator's intention as expressed in the second paragraph of the will. In determining what interest the testator intended to give his grandnieces the clause devising in fee simple must be considered in connection with the other parts of the will having reference to the same subject. It has frequently been held that if a testator in one part of his will devises an estate

in fee simple and it appears from the language of subsequent parts of the will that he intended the devisee to take a smaller estate the first devise is limited accordingly.   Where the subsequent provisions only affect qualities inseparable from the estate previously given they have no effect.   Where, however, they show the nature of the estate and that what might be a fee under preceding terms of the will was intended to be an estate for life or for years they are to be given effect: 1 Jarman on Wills, 416; Sheets' Est., 52 Pa. 257; Urich v. Merkel, 81 Pa. 332. The testator in giving a fee "cannot strip it of its nature and properties."   He cannot withhold from such an estate qualities which the law recognizes as inseparable from it, but he can restrict a devise expressed in general terms to a less estate. The authorities cited by the appellant are not contradictory of the conclusions herein expressed.   In Rea v. Bell, 147 Pa. 118, the case turned on what the court held to be a restriction of the right of alienation.   It was conceded that the devisee had a right to convey to Henry Rea, Jr., and that the title so conveyed would be a title absolute in fee simple in the grantee. That part of the will which restrained any other alienation was void.   That was a condition relative to the use, management or disposal of property distinctly given and it is restraints or limitations of such use, management or disposal which are forbidden: Philadelphia v. Girard, 45 Pa. 9.   In Gramling v. Totheroh, 2 Woodward, 106, there was a residuary devise which carried the void legacy.   In Dobbins's Est., 221 Pa. 249, also the void bequest passed under a codicil.

The decree is affirmed.