## Sparr et al. *v.* Kidder, Appellant.

*Will—Gift in fee—Restriction on alienation—Family name of testatrix.*

An absolute devise of land in fee cannot be modified or cut down, so as to affect the estate of the devisee's children and heirs at law, by a subsequent provision, which directs that "the land shall be kept in the name" of the family of testatrix forever.

Submitted April 22, 1919. Appeal, No. 309, Jan. T., 1919, by defendant, from judgment of C. P. Centre Co., Dec. T., 1918, No. 51, for plaintiffs in case of Harvey C. Sparr et al. v. L. E. Kidder. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Case stated to determine marketability of title to real estate.

QUIGLEY, P. J., filed the following opinion:

This is a case stated for the opinion of the court growing out of an action of assumpsit brought by the plaintiffs against the defendant. The only question raised thereby is: Have the plaintiffs a good, sufficient and marketable title in fee to the premises which they agreed to convey to the defendant, free from all conditions or limitations, which the defendant is bound to accept?

From the case stated it appears that one Nancy H. Sparr, was, at the time of her death, the owner in fee, inter alia, of a certain messuage and tract of land situate in Harris Township, Centre County, Pennsylvania, containing about two hundred forty-five acres, more or less, according to its modified boundaries, and being known as the "Sparr Homestead Farm," and particularly described in said case stated.

Nancy H. Sparr died June 19, 1900, testate. Under the sixth item of her will, which was dated August 8, 1891, and duly probated after her death, she disposed of the "Homestead" farm, being the premises in question, in the following language: "In case my sister Margaret dies before me, I devise whatever interest I may possess at the date of my death in said 'Homestead' farm (according to its modified boundaries) unto Jacob Sparr, son of Peter Sparr of Lake County, Ohio, subject to a charge of One Hundred Dollars to be paid annually to my nephew, Jacob Reed, during his lifetime. And my will is that said 'Homestead' farm shall be kept in the name of the Sparr family forever"?

In the seventh item of her will the said Nancy H. Sparr disposed of her residuary estate; and also gave her executor authority to sell any real estate (other than said "Homestead" farm as enlarged) which she might possess, and to execute and deliver proper deeds therefor.

Under section nine of the Act of April 8, 1833, P. L. 249, and the decisions of our appellate courts construing the same, the devise of the "Homestead" farm as originally made to Jacob Sparr was clearly an absolute devise thereof, in fee, subject only to an annual charge of one hundred dollars payable to the testatrix's nephew, Jacob Reed, during the latter's lifetime: Huber v. Hamilton, 211 Pa. 289; Robinson v. Jones, 222 Pa. 56.

And the fact that there was no limitation over, and also that said devise to Jacob Sparr was subject to the payment of the above-mentioned annuity to Jacob Reed, strengthen this conclusion.

There having been an absolute devise of the "Homestead" farm to Jacob Sparr in the first instance, was the same modified or cut down so as to affect the estate therein of his children and heirs at law (he having died intestate about March 5, 1916,) by the latter sentence in the sixth item of testator's will, viz: "And my will is that said 'Homestead' farm shall be kept in the name of the Sparr family forever"?

We do not think so. In our opinion these words are, first, either merely precatory, expressing a wish or desire which the original devisee, Jacob Sparr, during his lifetime apparently complied with, or, second, an attempt to devise unto Jacob Sparr an estate tail made in said "Homestead" farm, which, under section one of the Act of April 27, 1855, P. L. 368, is enlarged into an estate in fee simple; or, third, a devise of said "Homestead" farm unto Jacob Sparr in fee, coupled with a perpetual and unqualified restraint against the alienation thereof, which is clearly void both at common law and under the decisions of our appellate courts: Gray—Restraints on Alienation, 2d Ed., Sections 12, 13, 19 and 105; Foulke—Treatise on the Rules against Perpetuities, etc., Sections 187 and 188, etc.; Reifsnyder v. Hunter, 19 Pa. 41; Walker v. Vincent, 19 Pa. 369; Brock v. Penna. Steel Company, 203 Pa. 249; Grubb v. Penna. Steel Company, 203 Pa. 255; Sanders v. Mamolen, 213 Pa. 359.

We are, therefore, of the opinion, under the facts of this case, and the law applicable thereto, that the "Homestead" farm devised by Nancy H. Sparr to Jacob Sparr, father of these plaintiffs, is vested absolutely and in fee simple in said plaintiffs, that they have a good and marketable title in fee thereto, which the defendant, under his agreement, is bound to accept, and further that judgment should be entered on the case stated in favor of the plaintiffs for the sum of twelve thousand dollars (being the balance of the purchase money due under the agreement and deed between the parties), and costs.

And now, February 10, 1919, judgment is directed to be entered in favor of the plaintiffs on the case stated for twelve thousand dollars and costs. To which the defendant excepts and bill sealed.

Defendant appealed.

*Error assigned* was the judgment of the court.

*J. Thomas Mitchell,* for appellant.

*Harry Keller,* for appellees.

PER CURIAM, May 12, 1919:

The judgment in this case is affirmed on the opinion of the court below directing it to be entered.