## Pattin *v*. Scott, Appellant.

*Will—Construction—Devise in fee—Stripping estate of inherent attribute—Restraint on alienation.*

1. Where it is apparent from the words of a will that the dominant purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done, and the fee simple estate passes to the devisee with all of its inherent qualities.

2. Where a testator devises to her niece all of the residue of her estate with a proviso that the devisee shall not sell certain real estate, particularly described, "for a period of twenty-five years after my decease," the niece takes a fee in such real estate.

Argued February 8, 1921. Appeal, No. 42, Oct. T., 1921, by defendant, from order of C. P. Allegheny Co., Jan. T., 1921, No. 1904, making absolute rule for judgment for want of sufficient affidavit of defense, in case of

Louanna D. Pattin v. Mary S. Scott.   Before MOSCH-
ZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER,
JJ.   Affirmed.

Assumpsit for unpaid balance of purchase price of
real estate.

Rule for judgment for want of a sufficient affidavit of
defense.   Before BROWN, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute.   Defendant ap-
pealed.

*Error assigned,* inter alia, was above order, quoting it.

*Franklin T. Nevin,* for appellant.—The vendee will not
be compelled to accept a doubtful title: Swayne v. Lyon,
67 Pa. 436; Doebler's App., 64 Pa. 9.

A partial restraint of alienation may be valid: Mc-
Williams v. Nisly, 2 S. & R. 507; McCullough v. Gil-
more, 11 Pa. 370; Jauretche v. Proctor, 48 Pa. 466;
Yost v. Ins. Co., 179 Pa. 381.

*Charles Alvin Jones,* with him *Sterrett & Acheson,* for
appellee.—A total restraint on alienation, even for a
limited time, following the devise of a fee, is void: Glenn
v. Stewart, 265 Pa. 208; Second Street Boulevard, 236
Pa. 491; Urich v. Merkel, 81 Pa. 332; Hauer v. Shitz, 3
Yeates 205; Yost v. Ins. Co., 179 Pa. 381; Potter v.
Couch, 141 U. S. 296.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March
14, 1921:

This action was instituted to recover an unpaid bal-
ance of the purchase price of real estate, which plaintiff
agreed in writing to sell to defendant; judgment was
entered for want of a sufficient affidavit of defense, and
the present appeal followed.

Defendant's affidavit admits all the material averments of the statement of claim, but sets up the defense that plaintiff had no power to convey a fee, because of a restraint on alienation contained in the devise by which she acquired the property in controversy.

The testamentary provision in question, contained in the will of Louisa W. Torburgh, deceased, dated March 24, 1903, and probated on the day of her death, October 22, 1903, reads thus: "Eighth. All the rest residue and remainder of my estate, real, personal, and mixed, I give, devise and bequeath to my niece, Lou Anna Pattin, and her heirs forever, with this proviso, that she, my said niece, shall not have the right to sell and convey in fee simple that portion of my real estate, passing under this clause of my will, situate in the Second Ward of the City of Pittsburgh, being a lot forty by eighty feet in the North East corner of Second Avenue and Cherry Alley, comprising premises Nos. 425 and 427 Second Avenue, for a period of Twenty-five (25) years after my decease."

Where a testator in the first instance uses language suitable to the grant of a fee simple estate, but, by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld: Sheets's Est., 52 Pa. 257, 263; Urich v. Merkel, 81 Pa. 332, 335; Boulevard from Second Street, 230 Pa. 491, 495; Field's Est, 266 Pa. 474, 477; 1 Jarman on Wills, 416.

On the other hand, where it is apparent from the words of the will that the dominant purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done; and the fee simple estate passes to the devisee with all of its inherent qualities: Reifsnyder v. Hunter, 19 Pa. 41, 44; Walker v. Vincent, 19 Pa. 369, 371, 372; Doebler's App., 64 Pa. 14, 17; Sanders v. Mamolen, 213 Pa. 359, 361; Breinig v. Smith, 267 Pa. 207, 211.

The rules just stated present the law of Pennsylvania; but some dicta, from several eminent judges, have crept into our cases, which require notice. In McWilliams v. Nisly, 2 S. & R. 507, 513, Chief Justice TILGHMAN said: "If, after giving a fee, a general and perpetual restriction of alienation were added, the restriction would be void; but if the restriction be partial, such as......the restriction of alienation during a particular time...... it would be good." The case just cited, however, turned on another point, and the matter quoted is but dictum. This same language is repeated, in one form or another, in McCullough's Heirs v. Gilmore, 11 Pa. 370, 373; Jauretche v. Proctor, 48 Pa. 466, 472; Barker's Est., 159 Pa. 518, 526; Yost v. Insurance Co., 179 Pa. 381, 385, and Kaufman v. Burgert, 195 Pa. 274, 276; but in every instance it appears simply as dictum, and this, in effect, was largely repudiated in Sanders v. Mamolen, supra, and Sparr v. Kidder, 265 Pa. 61, 63.

As against the dicta above referred to, we have the language of this court in Hauer v. Shitz, 3 Yeates 205, 220, where, following the devise of a fee, there was a provision restraining alienation until the devisee reached the age of thirty, and we said: "If by the will there was a vested fee simple......the prohibition to sell till 30 would be absolutely nugatory"; and in Yost v. Insurance Co., supra, relied on by appellant, we said, "the weight of authority seems to be against such restraint, however limited as to time," citing 6 Am. & Eng. Ency. of Law 877, note 4.

The following cases and textbooks indicate that the weight of authority is as just stated: Krueger v. Frederick, 102 Atlantic Rep. 697, 698, 88 N. J. Eq. 258; Potter v. Couch, 141 U. S. 296, 315; Zillmer v. Landguth, 94 Wis. 607, 609; McIntyre v. Dietrich (Ill.), 128 N. E. Rep. 321, 323; Manierre v. Welling, 24 Ann. Cas. 1311; Hause v. O'Leary, 136 Minn. 126, 129; Twitty v. Camp, Phil. Eq. (N. C.) 61, 62; Anderson v. Carey, 36 Ohio 506, 517; 40 Cyc. 1588; Underhill on Wills, vol.

1, p. 688, sec. 524; Gray's Restraints on Alienation, p. 39, sec. 52; Jarman on Wills, 6th ed., vol. 1, 562, vol. 2, 1487; Biglow on Wills, 229, 230. The only jurisdiction we find holding to the contrary is Kentucky: see Speckman v. Meyer (Ky.), 220 S. W. Rep. 529.

In Manierre v. Welling, supra, will be found a most elaborate judicial consideration, by the Supreme Court of Rhode Island, of attempted limitations on alienation, discussion concerning the particular point of a limitation restricted as to time occurring at page 1321 et seq., with pregnant matter at page 1324; finally, a note, citing additional American cases, at page 1329, states the conclusion that, where an estate in fee simple is granted, "a clause in the deed or will which is in restraint of alienation is void and will be rejected," further "that this is so even though the restraint is limited as to time." Judge PENROSE, in Singerly's Est., 14 Phila. 313, 316, expresses the same opinion; the matter under discussion is also referred to, but not decided, in Stone v. Carter, 48 Pa. Superior Ct. 236, 239.

Apparently there is no direct Pennsylvania ruling on the precise point here involved; but this court, in recent years, has repeatedy said that "a testator in giving a fee cannot strip it of its nature and properties. He cannot withhold from such an estate qualities which the law recognizes as inseparable from it": Boulevard from Second Street, 230 Pa. 491, 495; and see Levy's Est., 153 Pa. 174, 179; Jauretche v. Proctor, 48 Pa. 466, 471; Phila. v. Girard's Heirs, 45 Pa. 9, 27; Huber v. Hamilton, 211 Pa. 289, 290; and Allen v. Hirlinger, 219 Pa. 56, 58. After formally giving a fee, to deny the right of alienation for twenty-five years, as in the present case, is as much an attempt to "withhold" an "inseparable quality" as to deny it entirely—the only difference is in degree, not in character.

In the case at bar, "no one could limit a fee simple more artistically and precisely" (Reifsnyder v. Hunter, 19 Pa. 41, 44) than does the present testatrix; and it is

to be noted that, after making this correct limitation of the fee, while she attempts to restrict the alienation thereof during a period of twenty-five years, there is no mention of a devise over, nor of forfeiture upon alienation within the prescribed period. There is simply the bare attempt to take from the owner of the fee the right of alienation for a period of years; and this, after the grant of a fee simple estate, was beyond the power of testatrix to accomplish. If testatrix desired to keep her property in the hands of one person during the indicated period, she might have created a trust for that purpose; but she could not give a fee and restrict its alienability as she attempted to do.

We agree with the court below that plaintiff has a fee simple in the real estate here in controversy, with all the attributes thereof, including the right to convey a good and marketable title.

The assignments of error are overruled and the judgment is affirmed.