## Stanton et al. v. Guest et al.

*Wills—Construction—Gift in fee—Cutting down gift.*

1. Where a testator in the first instance uses language suitable to the grant of a fee simple estate, but, by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld.

2. Where testatrix, in the first of two unnumbered paragraphs of her will, gives to her husband all of her estate, "to have and to hold to him, his heirs, executors, administrators and assigns," and, in the next paragraph, states that, on the death of her husband, she gives to a nephew and niece, named, all of the estate that she had "hereinbefore given and devised" to her husband that he "shall be seized or possessed of at the time of his death, and that he has not disposed of, to have and to hold to them equally," the husband takes a life estate only, with power to consume.

Argued January 25, 1926. Appeal, No. 52, Jan. T., 1926, by plaintiffs, from judgment of C. P. Lackawanna Co., March T., 1924, No. 182, for defendants, on case stated, in suit of Marie Rae Stanton, by her guardians, Ralph R. Stanton et al., and Ralph R. Stanton et al., Executors of E. H. Addleton, deceased, v. Edgar M. Guest et al. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Case stated in amicable action of ejectment. Before Edwards, P. J.

The opinion of the Supreme Court states the facts.
Judgment for defendants. Plaintiffs appealed.

*Error assigned* was judgment, quoting it.

*Clarence Balentine,* with him *Fred E. Beers,* for appellants.—The will gave to Edward H. Addleton, the devisee, an absolute fee simple in the real estate devised, with all its incidents of ownership, including the right to dispose of the same by will: Reifsnyder v. Hunter, 19 Pa. 41; Walker v. Vincent, 19 Pa. 369; Sanders v. Mamolen, 213 Pa. 359; Breinig v. Smith, 267 Pa. 207; Dillon v. Fallon, 158 Pa. 468.

*Reese H. Harris,* with him *Frank M. Lynch,* for appellees.—In determining whether a testator intended to give a fee or a life estate, all the words used by him should be taken into account, and if the intent to restrict the gift is clear, it must be given effect: Kirkpatrick's Est., 280 Pa. 306; Deeter's Est., 280 Pa. 135; Smith v. Coal Co., 282 Pa. 248; Fassitt v. Seip, 240 Pa. 406; Dickinson's Est., 209 Pa. 59.

OPINION BY MR. JUSTICE FRAZER, February 8, 1926:

Ida E. Addleton died July 20, 1915, leaving a will in which she provided, among other things, as follows:

"I give, devise and bequeath unto my husband Edward H. Addleton all my estate, real, personal or mixed, that I shall die seized or possessed of, or entitled to, at the time of my death, to have and to hold to him, his heirs, executors, administrators and assigns.

"It is my will, that upon the death of my said husband, I give, devise and bequeath unto my nephew and niece Edgar M. Guest and Elsie W. Guest, children of my deceased brother Howard E. Guest, all of the estate real, personal or mixed, that I have hereinbefore given and devised to my said husband, that my said husband shall be seized or possessed of at the time of his death, and that he has not disposed of, to have and to hold to them equally share and share alike, their heirs, executors, administrators and assigns."

Ida E. Addleton was the owner and in possession of the premises described in these proceedings, located on Main Street in the Borough of Dalton, Lackawanna County, until her death, and, from that time, her husband had possession of the property until November 14, 1923, when he died, leaving a will in which he devised his residuary estate to M. R. Stanton. Since the date last named, defendants, the nephew and niece of Ida E. Addleton, named in her will, as quoted above, have been in possession of the premises, and this amicable action of ejectment was brought against them by the devisee of Edward H. Addleton for the purpose of determining title to the property. The contention of plaintiffs is that, by the will of Ida E. Addleton, her husband took an estate in fee which, in turn, passed to plaintiff under his will, while defendants contend the husband was given merely a life estate with power to consume, with a gift over of the unconsumed portion to defendants. The court below entered judgment in favor of defendants, and plaintiffs have appealed.

The general principles governing the disposition of this case were clearly stated by this court in Pattin v. Scott, 270 Pa. 49, as follows (page 51) : "Where a testator in the first instance uses language suitable to the grant of a fee simple estate, but, by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld: Sheetz's Est., 52 Pa. 257, 263; Urich v. Merkel, 81 Pa. 332, 335; Boulevard from Second Street, 230 Pa. 491, 495; Field's Est., 266 Pa. 474, 477; 1 Jarman on Wills, 416.

"On the other hand, where it is apparent from the words of the will that the dominant purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done; and the fee simple estate passes to the devisee with all

of its inherent qualities: Reifsnyder v. Hunter, 19 Pa. 41, 44; Walker v. Vincent, 19 Pa. 369, 371, 372; Doebler's App., 64 Pa. 14, 17; Sanders v. Mamolen, 213 Pa 359, 361; Breinig v. Smith, 267 Pa. 207, 211."

In applying the above rule to a particular case, it is important to bear in mind a testator cannot give an absolute fee and withhold from the donee the qualities usually recognized as inseparable from an estate of inheritance. At the same time, however, in all cases of the construction of wills, the intention of testator must control, and if, from a reading of the entire will, an intent to restrict the gift is clearly the dominant one, such intent must be given effect and the will, as a whole, construed, not as an attempt to limit a fee, but as a gift of less than a fee: Fassitt v. Seip, 240 Pa. 406, 410; Pattin v. Scott, 270 Pa. 49, 57; Deeter's Est., 280 Pa. 135, 141; Kirkpatrick's Est., 280 Pa. 306, 309. "The true test of the effect of language apparently at variance with other parts of the devise, is whether the intent is to give a smaller estate than the meaning of the words of the gift standing alone would import, or to impose restraints upon the estate given. The former is always lawful and effective, the latter rarely, if ever; the first, because the testator's intention is the governing consideration in the construction and carrying out of a will; the second, because even a clear intention of the testator cannot be permitted to contravene the settled rules of law by depriving any estate of its essential legal attributes": Good v. Fichthorn, 144 Pa. 287, 292; Allen v. Hirlinger, 219 Pa. 56, 57.

The will of Ida E. Addleton contains two numbered paragraphs, one and two, these are followed by what would be the third and fourth paragraphs, quoted above, neither of which is numbered. Standing alone, the third clause or paragraph clearly gives an estate in fee to the husband. However, this is followed immediately by the limiting clause and gift over, from which it is clearly evident testatrix had no intention of giving her husband

an estate in fee, but indicates unmistakably a dominant purpose to devise to him no more than a life estate in the property, with power to consume any part of or all of it, with provision that such part as he might not thus dispose of should vest in the nephew and niece of testatrix in fee and not go to the blood of strangers of testatrix, as would be the case should the will of her husband prevail. When read as a whole, the will shows clearly testatrix did not first give an estate in fee and then attempt to deprive it of some of its essential legal attributes but limited the original gift to an estate for life with a remainder over of the unconsumed portion. This construction gives full effect to every part of the will.

The judgment is affirmed at costs of appellant.