## Everts v. Kepler.

*Trusts and trustees—Spendthrift trust—Invalid trust—Failure to appoint trustee—Will.*

1. A devise of real estate and bequest of personalty to a son, coupled with provisions intended to create a spendthrift trust, will fail as to the spendthrift trust features, if no trustee is appointed by the testator.

*Will—Devise of real estate—Absolute gift—Limitation of right to sell before devisee reaches forty years of age.*

2. Where a testator devises real estate to a son, "his heirs and assigns forever," and further directs that the son "shall have no power to sell, convey or in any manner dispose of the same until he shall become forty years of age," with no limitation over if the son violates the provision against alienation, the son takes an absolute fee free from any restriction against alienation.

Petition under Uniform Declaratory Judgments Act. C. P. Centre Co., May T., 1926, No. 198.

*N. B. Spangler* and *Ivan Walker,* for plaintiff; *W. G. Runkle,* for defendant.

KELLER, P. J., Feb. 11, 1927.—This is a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, for the purpose of determining the validity of the plaintiff's judgment for $1000 against the defendant, entered May 1, 1926, in the Court of Common Pleas of Centre County, Pennsylvania, to No. 186, May Term, 1926, and several other questions growing out thereof, hereinafter defined, and the case has been submitted to the court for its determination, upon petition and answer.

At the outset, we would say that any question as to the constitutionality of this act has been settled affirmatively by our Supreme Court in the comparatively recent case of Kariher's Petition (No. 1), 284 Pa. 455, in a very learned and comprehensive opinion by Mr. Chief Justice Moschzisker, which also declares that, where a real controversy exists which is within the scope of the act, the declaratory judgment is *res adjudicata* of the points involved. And while the questions for our consideration involve, and largely depend upon, the proper construction of the will of the defendant's father, Jacob M.

Kepler, deceased, yet the validity of the above-mentioned judgment of the Court of Common Pleas being the primary matter at issue, we are of the opinion that the Court of Common Pleas, rather than the Orphans' Court, is the proper tribunal to adjudicate the questions involved.

The petition filed in this proceeding asks the court to determine the following questions and to enter judgment accordingly:

1. Is the judgment entered in the above-stated case a good and valid lien against the real estate of A. C. Kepler, devised to the latter by his father, Jacob M. Kepler, subject to any interest or interests of any other person or persons in said real estate under and by virtue of said last will and testament?

2. Under the facts hereinabove set forth, is said personal property liable to execution and sale on the above-stated judgment, and, if so, will the purchaser thereof obtain a good title thereto?

3. In the absence of any personal property, will a purchaser at a sheriff's sale of the real estate of the said A. C. Kepler, devised to him by his father, obtain a good title of the interest of the said A. C. Kepler in said premises, as appears by his said last will and testament, if said sale is held upon an execution issued on the above-stated judgment as provided by law for sales of real estate?

4. Can Aaron C. Kepler give a mortgage on the premises devised to him by his father, which, if recorded, will be a good and valid lien against the same?

The following provisions of the will and codicils thereto of Jacob M. Kepler, deceased, father of this defendant, are deemed pertinent to a proper determination of the questions here involved.

Item in will: "I give, devise and bequeath to my sons, Aaron C. Kepler and John W. Kepler, their heirs and assigns forever, subject to the provisions herein made for my wife, all of my farming implements, horses, cattle and stock of all kinds. . . ."

Item in will: "I give, devise and bequeath to my son, Aaron C. Kepler, his heirs and assigns forever, subject to the provisions herein above made for my wife, all of my real estate, situate in Ferguson Township, Centre County, Pennsylvania. . . ."

Items in first codicil: "Know all men by these presents: That I, Jacob M. Kepler, the within named testator, do hereby make and publish this codicil to my last will and testament bearing date the twenty-third day of December, A. D. One Thousand Nine Hundred and Eight, in manner following to wit: I now give and bequeath to my son Aaron C. Kepler all of the personal property hereinbefore given and bequeathed to my son John William Kepler.

"It is further my will that the devises and bequests of all real and personal property heretofore made to my son Aaron C. Kepler, and in the foregoing paragraph hereof, shall not be liable to any lien in the nature of a judgment, mortgage or otherwise whatsoever, nor to any execution, attachment, sequestration, nor any other kind of process in law, equity or otherwise for any debts now contracted, or which may hereafter be contracted by my said son Aaron C. Kepler, while he is the owner of the said real or personal property or the proceeds thereof; nor shall any of the crops and income from the said real estate, nor the increase of any stock or personal property be liable for any debts now or hereafter contracted by him. It is further my will, and it is hereby made a condition precedent to the devise of the real estate to my said son Aaron C. Kepler, that he shall have no power to sell, convey or in any manner dispose of the same until he shall become forty years of age, if he shall so long live, at which time he may convey the same by deed in fee simple if he sees fit to do so."

Everts v. Kepler.

From the pleadings, it appears that Jacob M. Kepler's will was dated Dec. 23, 1908, the codicils thereto dated Nov. 29, 1909, and June 17, 1911, respectively; that he died July 24, 1913, and that said will and codicils were duly probated before the Register of Wills of Centre County July 29, 1913, and remain on file and of record in said office in Will Book "G," page 217. It further appears that this defendant, A. C. Kepler, was thirty-six years of age when this proceeding was begun.

The court's decision relative to the questions propounded depends upon, first, whether Jacob M. Kepler's will created a spendthrift trust as to the realty and personalty devised and bequeathed to this defendant; and, second, whether the limitation as to the sale and conveyance of the realty, if valid, included and carried with it a limitation as to encumbrances.

It will be noticed that by the second clause of the first codicil to his will, above quoted, the decedent, Jacob M. Kepler, attempted to create a spendthrift trust, both as to real estate devised and as to the personalty bequeathed, to this defendant *without the appointment of a trustee.* That this portion of decedent's will is null and void, so far as the attempted establishment of a spendthrift trust for the defendant is concerned, we think there can be no doubt. The following cases, among a host of others, sustain this view: Keyser's Appeal, 57 Pa. 236; Hahn v. Hutchinson, 159 Pa. 133, 141; Ehrisman v. Sener, 162 Pa. 577; Kaufman v. Burgert, 195 Pa. 274; Breinig v. Oldt, 45 Pa. Superior Ct. 629; Morgan's Estate (No. 1), 223 Pa. 228; Hays v. Viehmeier, 265 Pa. 268; Breinig v. Smith et al., 267 Pa. 207; Gillespie's Estate, 273 Pa. 227.

In Hahn v. Hutchinson, 159 Pa. 133, *supra,* the court, at page 141, says: "The whole course of the reasoning is that a man shall not be the real owner of property with the full right to deal with it as he pleases, taking the full income of it to his own exclusive use, and keep the same free from the claims of his creditors. What he cannot do for himself in this regard cannot be done for him by another. . . ."

In Breinig v. Smith et al., 267 Pa. 207, *supra,* it was held that a devise of an absolute estate for life in real estate, coupled with a provision that the estate shall not be subject to the devisee's debts, does not create a valid spendthrift trust, where no trustee is named to hold the life estate, and where the executor is not vested with any trust functions; such a provision is repugnant to the fee.

And in Kaufman v. Burgert, 195 Pa. 274, *supra,* the testator having given his son a fee simple estate in land, by words of inheritance, afterwards directed it should not be liable for his debts. The Supreme Court decided that the provision in question must be dismissed as repugnant to the fee. And this principle applies in the present case, where there was an absolute devise of the realty, by words of inheritance, and a bequest of the personalty, to the defendant, without any suggestion of a trustee anywhere in the will.

The question as to the limitation relative to the sale and conveyance of the defendant's realty, if valid, and its scope, contained in the sentence following the clause as to said spendthrift trust in said first codicil, in which the decedent, Jacob M. Kepler, attempts to restrain or prohibit his son and devisee, this defendant, from selling, conveying or in any manner disposing of the real estate so devised "until he shall become forty years of age, if he shall so long live, at which time he may convey the same by deed in fee simple if he sees fit to do so," we think is the more serious matter to be considered in determining the validity of the lien of the note entered as a judgment here, or the validity of any mortgage lien which the defendant might give. In some cases,

dependent largely upon the facts, it has been held that a power under a will to mortgage property by an executor or trustee implies also a power of sale, although not expressed, as well as the converse of this proposition. If we assume that, under the clause above referred to, the defendant could not sell and convey the realty devised to him until he was forty years of age, the question arises whether, *within the same period of limitation,* he could give a judgment note or mortgage which, if entered, would be a valid lien against said premises, or a judgment could be obtained adversely against him which would be a good and valid lien against the same, subject only to the bequests to Charlotte Kepler, widow of decedent, under his will, and the $400 bequest, as provided in the second codicil thereto, neither of which bequests are quoted herein at length, but are undisputed.

The contention of plaintiff's counsel is that, subject only to the interest of decedent's widow and the testamentary lien of $400, above mentioned, this defendant took an absolute fee simple estate under his father's will, and that the condition against alienation until he should become forty years of age is null and void.

Under section 9 of the Act of April 8, 1833, P. L. 249, and the decisions of our appellate courts, the devise of decedent's real estate in Ferguson Township, as originally made to this defendant, was clearly an absolute devise in fee, subject only to the charges above mentioned. The words used, "devise . . . to my son, Aaron C. Kepler, his heirs and assigns, forever," are apt words to denote inheritance and an absolute estate in fee simple. There having been an absolute devise to the defendant in the first instance, was the same modified or limited by the provision in the codicil to decedent's will "that he shall have no power to sell, convey or in any manner dispose of the same until he shall become forty years of age." It will be noted that there is no devise over, nor penalty imposed, in the event that the defendant violates said provision against alienation.

The general policy of the law has always been, and still is, against any restraint on alienation, *even if only partial or limited,* where a prior fee has been given; and, while it might appear to a casual reader from certain statements contained in some earlier reported cases in Pennsylvania that a partial or limited restraint has been upheld by our courts, a careful examination of these cases will show that any such statements or assertions have been mere *dicta,* as in none of the cases where such assertion is made was the question of the validity of a partial restraint under consideration, or at any rate the judgment of the court was not based upon it: Hauer v. Shitz, 3 Yeates, 205, 220, 2 Binney, 532; Rea v. Bell, 147 Pa. 118; Yost v. Insurance Co., 179 Pa. 381; Stone v. Carter (No. 1), 48 Pa. Superior Ct. 236; Brock v. Steel Co., 203 Pa. 249, 254; Potter v. Couch, 141 U. S. 296 (Book 35, Lawyers' Ed. 732) ; Sparr v. Kidder, 265 Pa. 61; Glenn v. Stewart, 265 Pa. 208; Pattin v. Scott, 270 Pa. 49; Drace et al. v. Klinedinst, 275 Pa. 266.

Where a testator in the first instance uses language suitable to the grant of a fee simple estate, but, by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld: Sheets's Estate, 52 Pa. 257; Urich v. Merkel, 81 Pa. 332; Boulevard from Second Street, 230 Pa. 491; Field's Estate, 266 Pa. 474.

On the other hand, where it is apparent from the words of the will that the dominant purpose of the testator is to devise a fee simple estate, and subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done; and the fee simple estate passes to the devisee with all of its

inherent qualities: Reifsnyder *v.* Hunter, 19 Pa. 41; Doebler's Appeal, 64 Pa. 9; Sanders *v.* Mamolen, 213 Pa. 359; Sparr *v.* Kidder, 265 Pa. 61; Breinig *v.* Smith, 267 Pa. 207; Pattin *v.* Scott, 270 Pa. 49, 54.

In our opinion, the determination of this case is definitely settled by Pattin *v.* Scott, 270 Pa. 49, *supra*, in which the facts were very similar to those of the present case, and where Mr. Chief Justice Moschzisker, in a very clear and learned opinion, in which he referred to the above-mentioned *dicta* which had crept into some of their cases, held that it was impossible under the law, after formally giving a fee, to deny the right of alienation, even for a limited period.

In view of the foregoing opinion, our answer to each of the four above-mentioned questions submitted to the court for its consideration and determination in this proceeding is in the affirmative, and judgment is accordingly entered, at the costs of the defendant, as follows:

And now, Feb. 10, 1927, this cause came on to be heard upon petition and answer, and was argued by counsel, and thereupon, after due consideration thereof, it is ordered and adjudged that the plaintiff's judgment against the defendant for $1000, entered in the Court of Common Pleas of Centre County to No. 186, May Term, 1926, is a good and valid lien against the real estate of the defendant, A. C. Kepler, devised to the latter by his father, Jacob M. Kepler, deceased, subject to the interests of decedent's widow under his will and subject, also, to the testamentary lien of $400 for the care of his cemetery lot, as provided in the second codicil thereto; that defendant's personal property and real estate are liable to execution and sale upon the above-stated judgment, in default of payment, and that the purchaser or purchasers thereof will take a good title thereto, respectively; and, further, that the said A. C. Kepler, defendant, can execute and deliver a mortgage upon the premises devised to him by his father, which, if recorded, will be a good and valid lien against the same.

From S. D. Gettig, Bellefonte, Pa.