## Zerger's Estate.

*Earl Handler*, for petition;  *Homer L. Kreider*, contra.

Fox, J., May 27, 1929.—This matter comes before us upon a petition by Bertha Zeger, who is the widow of Abram Leo Zeger, for a declaratory judgment under the provisions of the Act of Assembly approved June 18, 1923, P. L. 840, praying that the court "make a declaratory decree construing the provisions of the last will and testament of the aforesaid Abram Leo Zerger, also known as Abram Leo Zeger, late of the City of Harrisburg, deceased, to vest the absolute title in fee simple to all of the real estate of which the said Abram Leo Zerger died seized in and to your petitioner."

As appears from the petition and will, the testator left his widow and three children to survive him. The names of the children being as follows: Sanja Zeger, Lillian Zeger and Isaac Gershan Zeger; the first two being of age, the last having been born on Feb. 22, 1910.

The testator defines the word property to mean real estate.

The provisions of the will relating to the real estate are in paragraphs 1, 3, 4 and 5. The language in the respective paragraphs is as follows:

1. "That everything what I possess in real estate, *i. e.*, houses and the income of the houses shall be transferred to my wife Bertha Zeger according to the laws of the State.

3. "Bertha Zeger shall also receive the money from my bank account if there is any balance with the Union Trust Co. of Harrisburg, Pa., and all rent

checks should be paid to her in her name, and she should take care of all debts that I am to pay.

4. "My wife, Bertha Zeger, must take care of the property out of the income and the rest shall be for her own livelihood.

5. "My wife, Bertha Zeger, must take good care of our three children, one girl Sanja that is my oldest daughter, my younger daughter Lilian and my son Isaac Gershan and until my son Isaac Gershan will reach the age of twenty-one then should divided between themselves."

The question before us is, as to the real estate, what estate did the testator give to his widow and children, and can the widow now give a good and marketable title for the same?

The dominant intent or purpose of the testator must be searched for and found, and in so doing each portion of the will relating to the subject must be studied.

In the case of Schuldt v. Reading Trust Co. et al., 270 Pa. 360, the Supreme Court, at page 363, said:

"Each portion of the expression of an entire testamentary idea must be read in connection with its context in order to ascertain the real intent of the testator.

"A justifiable 'transposition' of the provisions in a will is always allowed 'to ascertain the true meaning of a testator.'

"No special form of words is required to create a trust; 'the manner in which a trust is imposed is not material if the intention can be clearly gathered from the will,' and the fact that the word 'trust' is not used is in no sense controlling."

Pursuing this course and transposing all of the paragraphs above referred to, in connection with paragraph 1, it is apparent that the dominant intent was to give to the widow an estate less than a fee simple. The language in paragraph 4 particularly indicates that the widow was to receive the income from the real estate and properly care for it, the balance of the income was for her own use. This strongly indicates that the testator did not intend to devise the real estate to the widow in fee, and this is still further strengthened by the next paragraph, which provides that she must care for the children, and when the youngest child reaches the age of twenty-one the property should be divided between the widow and the children.

In the case of Pattin v. Scott, 270 Pa. 49, two rules are laid down as follows:

"Where a testator in the first instance uses language suitable to the grant of a fee simple estate, but, by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld: Sheet's Estate, 52 Pa. 257, 263; Urich v. Merkel, 81 Pa. 332, 335; Boulevard from Second Street, 230 Pa. 491, 495; Field's Estate, 266 Pa. 474, 477; 1 Jarman on Wills, 416.

"On the other hand, where it is apparent from the words of the will that the dominant purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done; and the fee simple estate passes to the devisee with all of its inherent qualities: Reifsnyder v. Hunter, 19 Pa. 41, 44; Walker v. Vincent, 19 Pa. 369, 371, 372; Doebler's Appeal, 64 Pa. 14, 17; Sanders v. Mamolen, 213 Pa. 359, 361; Breinig v. Smith, 267 Pa. 207, 211."

The first of these rules is the more applicable to this case. Even if the language used by the testator in the first paragraph of the will is suitable to

the creating of a fee simple estate, the words used in the subsequent paragraphs indicate a dominant intent to give a less estate.

Wherefore, we are of the opinion that the testator placed his real estate in trust, the widow being the trustee to collect and receive the rents, to pay from the income the taxes, the necessary repairs, insurance and so forth, and to consume the balance of the income for herself and the care of the children. The trust to terminate upon the arrival of the son, the youngest child, at the age of twenty-one years, when the widow and the children above named shall equally share in the real estate. The equal division being indicated by the use of the words in the 1st paragraph, viz., "according to the laws of the State," and by the fact that no other division is expressed.

And now, May 27, 1929, upon due consideration, it is hereby ordered, adjudged and decreed that the said Bertha Zeger is not seized in her demesne as of fee in and to the whole of the real estate of the said testator, but holds the same as trustee until the son arrives at the age of twenty-one years, when the real estate shall be held in common by the said Bertha Zeger, Sanja Zeger, Lillian Zeger and Isaac Gershan Zeger, and the said Bertha Zeger is not now able to convey a good and marketable title to the said real estate.